HOOD, Judge.
Mr. and Mrs. Rodric M. Singleton instituted this suit for damages for personal injuries sustained by Mrs. Singleton as a result of, an automobile collision. Judgment was rendered by the trial court in favor of plaintiffs, and against three of the defendants, awarding Mrs. Singleton $2000.00 for the injuries which she sustained, and awarding Mr. Singleton $1845.94 as special damages. The defendants acquiesced in and paid the amount due under that judgment. Plaintiffs have appealed.
The accident which gave rise to this suit occurred on May, 2, 1964, at a street intersection in the City of Opelousas, Louisiana. Plaintiff, while driving her own automobile, stopped for a red traffic light, and as she did so her car was struck from the rear by an automobile being driven by defendant, Marcel A. Laudumiey.
Defendants admit liability, and the sole issues presented on this appeal relate to quantum. Plaintiffs contend that the award made to Mrs. Singleton as general damages should be increased, and that the award of special damages to Mr. Singleton should be increased to include the following additional items: (1) Future medical expenses; (2) the expenses incurred in hiring additional household help; and (3) the amount paid to. Dr. Meuleman for treatment of Mrs. Singleton’s injuries.
This case was consolidated for trial and appeal with another suit filed by the same parties at the same time. In that suit plaintiffs claim damages for injuries allegedly sustained by Mrs. Singleton when she slipped and fell in a grocery store one week after she had been involved in the above mentioned automobile accident. We are deciding that companion case also on this date. See Singleton et al. v. Foodtown, Inc., et al., La.App., 195 So.2d 439.
Mrs. Singleton was 61 years of age and was in good health when the accident occurred. She testified that for about one year prior to that time she had been physically able to and did care for her invalid mother and her semi-invalid husband, with the help of a maid. She states that as a result of the accident she injured her neck and back, that since that time she has continued to suffer pain in those areas, that she has been unable to care for the other members of her household as she formerly had done, and that it was necessary for her to employ an additional maid to assist her. On May 4, 1964, she consulted Dr. Emile Ventre, who had been treating her mother and husband, and she has been under his care and treatment continuously since that time.
She testified that on May 9, 1964, or one week after the automobile accident occurred, she slipped and fell on the floor of a grocery store, and she claims that as a result of that accident she sustained other injuries, including an injury to her back. She and her husband instituted a separate suit for the damages which she allegedly sustained as a result of the second accident, and that is the case which has been consolidated for trial with the instant suit.
Dr. Ventre, a general practitioner, examined plaintiff initially on May 4, 1964, and concluded that as a result of the automobile accident which had occurred two days earlier she had sustained a “moderately severe cervical sprain” and a “minor spasm in the *437 back.” X-rays of the lumbar spine taken «on May 4, 1964, showed that on that date Mrs. Singleton had a “degenerative disease between L-S and S-l, and an old spondylo-listhesis of L-S S-l.” X-rays of the neck taken at that time showed no fracture, and Dr. Ventre testified that in his opinion they were essentially negative as to osteoarthritis. He began treating Mrs. Singleton on that date and he continued to treat her for her neck and back complaints until the time of the trial which took place about 20 months after the accident occurred. The treatment which he administered consisted of muscle relaxants, tranquilizers, pain relievers, injections and diathermy. He also •prescribed a traction device for the neck, -which device was used by Mrs. Singleton in 'her home about three times a day for a •period of five or six months, each application requiring about 25 minutes. Mrs. ‘Singleton was never hospitalized, and it ■was not necessary for her to wear a cervical collar.
Dr. Ventre testified that x-rays taken of Mrs. Singleton’s neck in January, 1966, showed degenerative arthritis developing .around the fourth and fifth cervical vertebra. He acknowledged that it was normal for a person of Mrs. Singleton’s age to develop arthritis in that area, but he stated that the amount of arthritis which had developed by January, 1966, was such that he “must presume that there was some aggravation involved.” He testified that Mrs. Singleton continued to suffer pain and muscle spasm in her neck from the date of the automobile accident until June, 1965, or for a period of about 13 months, but that it cleared up on about the last mentioned ■date, leaving her with some degenerative arthritis and probably a little pain and discomfort in her neck during changes of the weather in winter months for the rest of her life. In his opinion, the neck injury resulted solely from the automobile accident, and it was not aggravated by the fall ■which plaintiff sustained a few days later.
In Dr. Ventre’s opinion, the back injury which Mrs. Singleton sustained on May 2, 1964, cleared up within a week after the automobile accident occurred. The doctor stated that she re-injured her back on May 9, 1964, when she fell in the grocery store, that she continued to suffer with her back for some time thereafter, and that he has treated her for that injury. He feels, however, that the pain which she experienced in her back from and after May 9, 1964, was caused solely from the fall which occurred on that date, and not from the injury which she sustained as the result of the automobile accident which occurred one week earlier.
Dr. Robert L. Trahan, a radiologist, made x-rays of the cervical and lumbar areas of Mrs. Singleton on May 4, 1964, and he made a further x-ray study of the lumbar region on June 19, 1964. With reference to the cervical area, he found that on the first mentioned date she had “some minimal arthritic changes,” which “would go along with the patient’s age,” but that the vertebral bodies were in good alignment and there were no fractures. With reference to the lumbar region of Mrs. Singleton’s back, Dr. Trahan found a pre-existing spon-dylolisthesis and a narrowing of the space between L-5 and’S-l. His findings as to the low back area are not relevant here, however, because plaintiff concedes that the back injury which she sustained in the automobile accident was minor and that she fully recovered from that injury before the second accident occurred on May 9, 1964.
Dr. William L. Meuleman, an orthopedic surgeon, examined Mrs. Singleton at the request of Dr. Ventre on July 13, and on October 8, 1964, and on February 8, 1965. He found no muscle spasm, no restriction of motion, and no objective signs of injury to plaintiff’s neck on any of these examinations, and he concluded that if Mrs. Singleton had sustained any injury to her neck as a result of the automobile accident which occurred on May 2, 1964, she had completely recovered from that injury by the time he first examined her on July 13, 1964. He reviewed the x-rays which had been taken of the cervical area on May 4, *438 1964, and those which were taken in January, 1966. He testified that the first x-rays showed arthritic spurring in the cervical area, which existed before the date of the accident, and the last x-rays showed more arthritic changes. He stated, however, that this was explainable as being the normal progression of arthritis in a person of plaintiff’s age.
Dr. Meuleman also examined and made some findings as to the low back area, some of which were in conflict with those of Dr. Trahan. We have already pointed out, however, these findings are immaterial here because plaintiff concedes that she sustained only a very minor back injury in the automobile accident, from which she recovered within seven days.
The trial judge considered the conflicting opinions expressed by Dr. Ventre and by Dr. Meuleman, both of whom were called by and testified in behalf of plaintiffs, and he concluded that “insofar as the whiplash and neck injury is concerned, the most I could allow under the medical evidence is $2000.00.”
 If we should accept only the opinions expressed by Dr. Ventre, then we might agree with plaintiffs that the award of general damages should be increased. On the other hand, if we should consider only the testimony of Dr. Meuleman, then the amount awarded to Mrs. Singleton as general damages would be excessive. Much discretion is vested in the trial judge in determining the amount which should be awarded as general damages. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; and Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64. After reviewing all of the evidence, we have concluded that the award of $2000.00 made to Mrs. Singleton for the injuries which she sustained as a result of the automobile accident is within the range of the discretion which is vested in the trial judge. We thus affirm that award.
Dr. Ventre testified that Mrs. Singleton will probably have to take medication during a period of from three to five weeks during winter months for the rest of her life for the treatment of arthritis in her neck. He estimated that this treatment would cost about $100.00 per year. Plaintiffs point out that she has a life expectancy of 12 years, and they claim that Mr. Singleton thus is entitled to an award of the additional sum of $1200.00 as future medical expenses. The evidence is not convincing as to whether these additional medical expenses will become necessary because of the accident which occurred on May 2, 1964, or because of Mrs. Singleton’s pre-existing arthritic condition. We cannot say, therefore, that the trial judge erred in rejecting plaintiffs’ demand for future medical expenses.
Plaintiffs argue that Mr. Singleton is entitled to recover the additional sum of $270.00, representing the amount paid for extra maid service after the automobile accident occurred. Mrs. Singleton employed an extra maid to work at nights during a period of about two months immediately prior to the date of her mother’s death on September 9, 1964. She contends that it was necessary to obtain this additional help because of the injuries which she sustained to her neck and back. The evidence shows that Mrs. Singleton’s invalid mother became critically ill a few weeks before her death, and that during this critical period it was necessary that she be attended 24 hours per day. The trial judge concluded that the employment of this extra maid became necessary because of the illness of Mrs. Singleton’s mother rather than because of the injuries which she sustained. We .cannot say that the trial judge erred in reaching that conclusion, and we thus affirm his decision to reject that portion of plaintiffs’ claim
Dr. Meuleman examined Mrs. Singleton on three occasions at the request of her treating physician. His charges for these examinations amounted to $95.00. Defendants concede that Mr. Singleton is *439 entitled to recover that additional amount, and the judgment accordingly will he amended to allow it.
For the reasons herein assigned, that portion of the judgment which condemns the defendants-appellees to pay to plaintiff, Rodric M. Singleton, the principal sum of .'$1845.94 is amended by increasing the :amount of that award to the sum of $1940.-'94. All of the remaining portions of the judgment • appealed from, including the .award of $2000.00 to Mrs. Lillian B. Singleton, are affirmed. The costs of this appeal .are assessed to defendants-appellees.
Amended and affirmed.