TATE, Judge.
Mrs. Singleton and her husband sue for tort damages occasioned by her personal injuries. She slipped and fell in a self-service grocery store. She and her husband sue the operator of the store (Foodtown) and its liability insurer. The defendants appeal from an award to the plaintiff.[1] The plaintiffs answer the appeal to request an increase in the award.
Mrs. Singleton slipped and fell while shopping for bananas at 5:00 P.M. on May 9, 1964. She stated that her foot slipped in banana juice which had dripped from a basket of ripe bananas left in the aisle by Foodtown’s employees.
Foodtown argues most forcefully that the evidence fails to establish that there was any banana juice or other foreign substance in the aisle. Alternatively, it contends that, the plaintiffs have not established that even if such substance, was there, it was so situated either because of negligence on the part of Foodtown or else had so remained for a sufficient time for Foodtown to be charged with constructive notice. The issues are essentially factual.
Mrs. Singleton testified that immediately prior to the accident she had gone to the-rear of the store to purchase some bananas,, that a wire shopping basket containing some-overripe bananas was near the banana, counter, and that “all at once I just went down on the drippings from the bananas.”' There were no eyewitnesses to the accident. Mrs. Singleton stated that “I was. close enough that I could see it was banana drippings off of the bananas out of that basket,” and that after she had fallen' she saw a pretty good sized spot of this-substance on the floor. She conceded, however, that she had not touched or smelled, the substance which was on the floor, but that she was sure that it was banana juice because it was beneath the basket of ripe-bananas and because with her foot she felt it was slimy.
Three employees of the defendant storekeeper went to the site of the accident immediately after the fall occurred. Two> of them testified that Mrs. Singleton informed them that she had slipped on some-banana juice, and that she pointed to a-, place on the floor indicating where she had slipped. Each of these employees testified that they did not see any foreign substance- or liquid of any kind on the floor, and that they did not see a shopping basket of bananas in that vicinity.
These employees also admitted that at least at one time Foodtown had sold its ripe bananas from a shopping basket kept *441 in the aisle near the fresher bananas in the bins. One of them frankly testified that ■overripe bananas dripped banana juice and that such juice was very slippery. How■ever, two of the employees did testify that by the time of Mrs. Singleton’s fall, Food-town had changed its method of disposing ■of ripe bananas and instead placed them in cellophane bags. According to one employee, this change had occurred only a month before Mrs. Singleton’s fall, and the -other made no estimate when the change bad occurred. (The third employee never testified that such a change in the display and retailing of ripe bananas had occurred.)
In accepting Mrs. Singleton’s testimony over that of the store employees, the trial court specifically stated he was impressed with her sincerity and accuracy. Its finding that she slipped on banana juice •dripping from a shopping basket full of ripe bananas should not be disturbed on review, for it amounts to a reasonable evaluation of credibility of all the witnesses in the light of all the evidence in the record.
Under this evaluation, the trial court •could properly reject the denial of the store ■employees that the basket of ripe bananas was displayed for sale in the aisle in accordance with the custom of the store. In view of Mrs. Singleton’s credible positive testimony, the trial court could properly find inaccurate the recollection (at the trial twenty months later) of (two of) the store employees that Foodtown had changed its method of displaying ripe bananas shortly ■before (instead of shortly after) Mrs. Singleton’s unfortunate accident.
The conclusions of fact reached by the trial judge are entitled to great weight, especially when those conclusions are based upon an evaluation of the credibility of the witnesses. Miers v. Truck Insurance Exchange, 180 So.2d 559 (La.App. 3d Cir. 1965); Cinquemano v. O’Quinn, 180 So.2d 873 (La.App. 1st Cir.' 1965). In this instance, although a serious question of fact is presented, we are unable to say that the trial judge erred in concluding that Mrs. Singleton actually slipped on some banana juice, which was on the floor of defendant’s store as a result of dripping of ripe bananas from a shopping basket placed in the aisle for display and retailing purposes.
Under these findings, Foodtown’s negligence is actionable when causing the foreseeable injury resulting in this case. Foodtown’s employees created an unreasonable hazard to the safe use of its aisles by customers, when they placed ripe bananas where they could drip and make the passageway inconspicuously slippery. A storekeeper breaches its duty to maintain safe passageways for its customers when it permits or causes a slippery spot in the path of customers, whose major attention is by the storekeeper’s intention to be directed to inspecting the merchandise deliberately displayed to attract the customer’s eye. See Dever v. George Theriot’s, Inc., La.App. 3 Cir., 159 So.2d 602, and many decisions therein cited.
As to the award, the trial court awarded $4,000 general damages to the plaintiff wife, and $1,193.54 to the plaintiff husband for medical expenses for the injuries sustained in the present accident.[2] Rejecting the plaintiffs’ claim of insufficiency and the defendants’ of excessiveness, we find no abuse in the trial court’s great discretion in the award of these general damages for Mrs. Singleton’s personal injuries, namely, an aggravation into painfulness for an extended period of time of a pre-existing spondylolisthesis and a preexisting arthritic condition, both previously symptomless. See, e. g., Fisher v. Norwich Union Fire Insurance Society, Ltd., La.App. 1 Cir., 119 So.2d 562. Likewise, for the reasons noted by the trial court in its opinion, we will neither add future medical nor *442 maid’s expenses to the special damages as prayed for by the plaintiffs, nor will we reduce the attending physician’s charges as sought by the defendants.
For the foregoing reasons, we affirm the judgment of the District Court. The defendants-appellants are to pay the costs of this appeal.
Affirmed.

. The present ease was consolidated for trial and appeal with Singleton v. Laudumiey, La.App., 195 So.2d 435. The latter involves Mrs. Singleton’s claim for injuries in an automobile accident which occurred a week earlier than the present “slip-fall”. Except for a slight overlapping of the personal injuries, the suits are not otherwise related. The Laudumiey claim involved mostly a neck injury, whereas the present involves mostly a back injury.

. Medical treatment for the present injuries was segregated from the medical expense incurred for treatment of the injuries in the earlier accident for which recovery is sought in the consolidated suit cited at Footnote 1.