201 So.2d 656 (1967)
Velton SIGLER, Plaintiff-Appellant,
v.
MOUNT VERNON FIRE INSURANCE COMPANY and L. B. Griffin, Jr., d/b/a Piggly Wiggly Store, Defendants-Appellees.
No. 2082.
Court of Appeal of Louisiana, Third Circuit.
July 19, 1967.
Rehearing Denied August 15, 1967.
*657 Mitchel M. Evans, DeRidder, for plaintiff-appellant.
Plauche & Plauché, by Thomas W. Sanders, Lake Charles, for defendants-appellees.
Before TATE, FRUGE and HOOD, JJ.
FRUGÉ, Judge.
The plaintiff sues in tort for injuries which he alleges he received as the result of a fall in the produce department of defendant's grocery store. After trial on the merits, the trial judge concluded that the plaintiff had not sustained his burden of showing that the damages resulted from the fault of the defendant storekeeper. The trial judge therefore rendered judgment dismissing the plaintiff's suit and the plaintiff has appealed to this court.
The facts are these: The plaintiff, while shopping in the produce department of defendant's store, slipped and fell, suffering straining injuries to his lower back. The evidence preponderates that the "slipfall" *658 was caused by a small spot of moisture on the floor approximately the size of a fifty cent piece.[1] The damp spot was located near the center of the produce department and approximately one foot from a line of bins holding the fresh produce. The defendants produced evidence showing that the entire store was swept and "spot mopped" only an hour or so preceding the midmorning fall of the plaintiff. The store's produce manager testified that in the mornings he is in and out of the produce department and that on the day of the accident he left the area some ten minutes prior to the time that the plaintiff fell and, upon returning, found the plaintiff talking with the store manager about the alleged fall. The produce manager further testified that it is a part of his regular routine to check the floor for foreign substances and pieces of produce that have fallen from the bins or that have been dropped by customers (Tr. 380). He stated that on the day in question, to his knowledge there was no foreign substance on the floor at the time he left the department some ten minutes prior to the plaintiff's fall (Tr. 380, 388). The trial judge, in evaluating these cleaning and inspection procedures, concluded that they were reasonable and adequate under the circumstances and that the plaintiff had failed to prove how the damp spot on which he fell came to be on the produce department floor. He therefore denied the plaintiff's claim for damages, noting that the mere fact that a patron sustains injuries by falling in a store does not of itself establish the liability of the storekeeper for those injuries. By this appeal, we are called upon to decide whether under the reasonable inspection procedure which the trial judge found was employed by the defendants on the morning of the accident, the defendant storekeeper is nonetheless liable for the injuries which plaintiff sustained on the moist spot in the produce department aisle.
We shall first state some principles of law which we deem controlling in cases of this nature. The owner of a business establishment is not the insurer of the safety of patrons. He is, however, under an affirmative duty to keep the floors and passageways in a reasonably safe condition for use in a manner consistent with the purposes of the premises. In order to recover, a visitor must prove a breach of this duty of the owner to use reasonable care with regard to the floors and passageways. Levine v. Hartford Accident & Indemnity Co., 149 So.2d 433 (La.App. 3d Cir. 1963); Dever v. George Theriot's, Inc., 159 So.2d 602 (La.App. 3d Cir. 1964). Where a patron's fall may be attributed to the presence of an extraneous substance on the floor of the establishment, the responsibility of the storekeeper for the safety of his patrons may vary, depending on whether the foreign substance on the floor was the result of some activity by the storekeeper (or his employees), or whether it resulted from the acts of third persons.
Where the extraneous substance on the floor can be attributed to a third person for whose actions the storekeeper is not legally liable, the plaintiff must show that the storekeeper or his employees knew the foreign object was on the floor or that it *659 remained on the floor for a sufficient period of time in which its presence should have been discovered through the exercise of reasonable care. Levine v. Hartford Accident & Indemnity Co., supra.; LeJeune v. Hartford Accident & Indemnity Co., 136 So.2d 157 (La.App. 3d Cir. 1961); Peters v. Great Atlantic & Pacific Tea Co., 72 So. 2d 562 (La.App. 3d Cir. 1954); Boucher v. Paramount Richards Theatres, 30 So.2d 211 (Orl.App.1947); Pilie v. National Food Stores of Louisiana, 245 La. 276, 158 So.2d 162 (1963).
On the other hand, if it can be established that the hazard which caused the patron's injury was created by the storekeeper himself (or some person for whom he is legally liable), it is not necessary to show actual or constructive knowledge of the hazard, for liability stems from the direct creation of an unreasonable risk to the storekeeper's invitees. See e. g., Dever v. George Theriot's, Inc., supra; Bowers v. Lumbermen's Mutual Casualty Co., 131 So.2d 70 (La.App. 2d Cir. 1961); Manning v. Morrison Cafeterias Consolidated, Inc., 160 So.2d 818 (La.App. 4th Cir. 1964); Singleton v. Food Town, Inc., 195 So.2d 439 (La.App. 3d Cir. 1967) [certiorari denied].
Applying these legal principles to the facts in the instant suit, we are of the opinion that the trial court's dismissal of plaintiff's suit must be affirmed. First, the evidence does not establish that the moist spot near the produce bins was the direct result of an act of omission or commission on the part of the defendant storekeeper or his employees. Counsel for plaintiff, in cross examining the manager of the produce department, brought out the fact that the drainage system serving the produce bins occasionally clogs, resulting in moisture deposits on the floor near the bins (Tr. 384). However, the produce manager testified (and the trial judge accepted his testimony as accurate) that on the morning of the accident the drainage system had not overflowed onto the floor (Tr. 388, 231). We do not find from a reading of the record any evidence which might indicate that the trial judge committed manifest error in accepting the produce manager's testimony that no malfunction of the drainage system occurred on the day of the accident.
Secondly, if we assume that the spot of moisture was the result of the actions of a third party,[2] then the trial judge's determination that the defendant storekeeper had met the standard of care to provide a reasonably safe place of business is clearly not erroneous in view of the unrebutted testimony regarding the cleaning and inspection technique employed on the morning of the accident by the defendant and his employees.
In short, our study of the record convinces us that the trial judge was correct in concluding that the plaintiff had failed to carry the burden of proof encumbent upon him to establish his case by a preponderance of the evidence. We therefore affirm his dismissal of the plaintiff's suit.
For the foregoing reasons, therefore, the judgment of the district court is hereby affirmed; the plaintiff-appellant to bear all costs.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] The plaintiff and his wife, with whom he was shopping at the time, testified that they examined the spot where the plaintiff had fallen and that where the plaintiff's foot had skidded on the floor there remained a pulpy foreign substance which looked to them like the skin of a grape. Two witnesses for the defendant, however, the store manager and the manager of the produce department, testified that they both examined the location where the plaintiff had fallen and that they found no evidence of any foreign substance on the floor, only a small spot of moisture one or two inches in diameter. The trial judge in his reasons for judgment indicated that he accepted the testimony of defendants' witnesses to the effect that there was no skid mark or foreign substance on the floor where the plaintiff had fallen. Under the well settled rule of "manifest error", we will not disturb this purely factual finding based on an evaluation of the credibility of opposing witnesses.
[2] There are numerous explanations which might account for a damp spot on a supermarket floor. For instance, perhaps while a customer was handling an item of refrigerated produce, a small amount of moisture dripped from the produce onto the floor. Or perhaps a frozen item earlier selected by a patron dripped a small amount of moisture while being carried in a shopping cart. There are numerous other explanations, all equally plausible, which might be advanced to explain the presence of this small damp spot.