CULPEPPER, Judge.
Plaintiff, Mrs. Jewell Tatom, seeks damages for personal injuries sustained when she slipped and fell in the Brookshire Grocery Company Store in a shopping center in Natchitoches. From an adverse judgment, plaintiff appealed.
The issue is factual: Was the defendant store owner negligent in maintaining the aisle floors in a condition which was not *927 reasonably safe for ordinary use by its customers ?
Mrs. Tatom, who was 78 years of age at the time, went to the store with her daughter, Mrs. Madeline Yanck, to purchase some beef. After a few minutes of discussion at the meat counter in the rear of the store, Mrs. Tatom left Mrs. Yanck and walked down an aisle between two long display counters, her purpose being to go to one of the check-out counters and pay for the meat. She walked around the end of the display counter and was headed toward the check-out station when she fell to the floor. The point where she fell is about three feet from the end of the display counter and about seven or eight feet from the check-out stand.
Mrs. Tatom’s contention is that the tile floor was waxed and polished to a dangerously slippery condition. She says she was walking normally, but her right foot slipped on the highly waxed floor, causing her to lose her balance and fall. Mrs. Yanck, who came from the meat counter on learning that her mother had fallen, testified that when she arrived she saw a piece of “matted, compressed dust” about 2\/2 by 3 inches in size, lying on the floor beside her mother, She called her mother’s attention to this piece of dust. They contend Mrs. Tatom may have stepped on this matted dust causing her shoe to slip on the waxed floor. But, of course, neither could testify Mrs. Tatom actually slipped on the piece of matted dust.
The witnesses for the defendant consisted of the manager and several employees or former employees of the store. They testified generally that the floor was not slippery, and they examined the area immediately after Mrs. Tatom fell and found no piece of matted dust nor any other condition or substance which could have caused Mrs. Tatom’s foot to slip. At least one of these witnesses stated that Mrs. Ta-tom was wearing high heeled leather soled shoes and that she was walking fast when she either lost her balance or slipped and fell to the floor. The shoes were produced at trial and the heels were measured and found to be two inches high.
 The district judge correctly stated the applicable rule of law to be that the owner of a grocery store owes a duty to his customers to maintain the premises in a condition reasonably safe for use in a manner consistent with the purposes of the establishment. Sigler v. Mount Vernon Fire Insurance Company, La.App., 201 So.2d 656 (3rd Cir. 1967). Applying this rule to the present case, the district judge concluded plaintiff failed to prove by a preponderance of the evidence that the condition of the floor where Mrs. Tatom slipped was unreasonably hazardous, either because of being waxed improperly, or because of the presence of matted dust on the waxed floor. The record clearly contains sufficient evidence to reasonably support this factual conclusion of the trial judge. Canter v. Koehring Company, La., 283 So.2d 716 (S.Ct.1973).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.