## GUSTINE v. BIG CHAIN STORES, Inc., et al.

### No. 5583.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1938.

Jack & Jack, of Shreveport, for appellant.

Deutsch and Kerrigan, of New Orleans, and C. Ford Currier, Malcolm W. Feist, and Blanchard, Goldstein, Walker & O'Quin, all of Shreveport, for appellees.

HAMITER, Judge.

Injuries were sustained by plaintiff when she fell while preparing to enter her automobile stationed on a concrete parking lot furnished by the Big Chain Stores, Inc., for the benefit of its customers.

She charges in this suit for damages that said establishment negligently maintained on

the lot a raised concrete section having a rough or uneven border, and that the fall was occasioned by her stepping and slipping on said rough surface which was partially obscured at the time. A solidary judgment is sought against the Big Chain Stores, Inc., and its public liability insurer, the Continental Casualty Company.

A joint answer was filed by defendants, and therein they denied negligence on the part of the Big Chain Stores, Inc. Alternatively, they averred that plaintiff was contributorily negligent and that her negligence was the direct, proximate, and immediate cause of the accident.

A trial of the case resulted in a judgment rejecting plaintiff's demands. She appealed.

For a number of years, the Big Chain Stores, Inc., which we shall hereinafter refer to as the store, has operated a retail grocery establishment on Highland avenue near the intersection of Kings Highway in the city of Shreveport. In the rear of its building and of an adjoining filling station is a concrete automobile parking lot with dimensions of 50 feet by 180 feet which the store maintains for the accommodation of its patrons. Entrance to the building from the lot is available by a doorway in its back end. A short distance from this passageway and situated on the lot is a concrete section or slab 11 feet 4 inches wide, 15 feet 6 inches long, and approximately 3½ inches high or thick. The edges of this raised area are jagged and uneven.

Slightly before noon on April 4, 1936, plaintiff drove her Chevrolet coupé onto the lot in question and parked it to the right of and angling with the raised portion. The day was bright and clear. The left front wheel of her car rested almost against the western edge of the slab, while the left rear wheel was several feet away. She alighted by stepping from the left running board onto the elevated area, and then proceeded to and through the building's rear entrance which was to the left of her car. Her exit from the grocery place was made through the same doorway approximately five minutes later, at which time she carried her purse and a bundle containing two loaves of bread. Upon observing that she was separated from her automobile by another motor vehicle parked parallel with and to its left, she passed in front of the intervening machine, turned to her right, and proceeded between the two cars.

The second car was located on the raised portion, its right front wheel being several feet east of the aforementioned western edge, while its right rear wheel rested on or against such edge.

When plaintiff reached for the handle of the left door of her coupé, and while standing between the two machines on the western edge of the elevated concrete, her left foot slipped, causing a turning of her ankle and the fall. She suffered injuries to that foot and to one of her knees.

Plaintiff had traded with the store for many years, and it was customary for her to leave her car on the parking lot and enter the building through the rear entrance. In addition to being aware of the existence of the raised portion on the day of the accident when she alighted on it, she had seen it on her numerous previous visits there. Anyone looking could easily see it, according to her testimony. When the fall occurred she was wearing medium high-heeled shoes.

In the brief submitted to the court by claimant's counsel, we find the following:

"Plaintiff bases her suit upon the following proposition of law:

"Even though plaintiff knew of the defect, if at a time of momentary forgetfulness, and while defendants were allowing the defect to be partially obscured from view so as to constitute a trap, she slipped thereupon and was injured, the defendants are liable in damages.

"While it is perfectly true that plaintiff had been shopping at this same store for some nine or ten years past and knew of the existence of the defect, as will be shown below, this fact cannot bar her recovery."

Introduced and filed in evidence, in the case by plaintiff were three photographs representing the actual conditions existing at the locus when the injury was sustained. They disclose two automobiles stationed at the identical locations of those under consideration when the accident occurred, and were taken about the noon hour of a clear, sunshiny day. An examination of these pictures reveals that the western edge of the raised portion, on which plaintiff slipped, ran diagonally between the two parked cars, or, specifically, from the left front wheel of plaintiff's machine to the right rear wheel of the other. A sizable space separated the parallel parked vehicles. Although the offending edge could not have been seen by one on emerging from the rear entrance of the building, because of the intervening vehicle, it was plainly visible and observable when the front end of that

view-obstructing object was passed. Plaintiff's view of the west border was unquestionably obscured as she came through the doorway, but when she commenced to go between the two automobiles nothing interfered with it. The sun was shining, and this slight jagged step-off could then easily be seen.

The momentary forgetfulness doctrine is invoked by plaintiff's counsel, as is shown by the above-quoted statement from their brief, in opposition to defendants' plea of contributory negligence. Numerous decisions of courts of other states are cited, holding in effect that the mere fact that an injured person was aware of the defect is not per se conclusive of negligence on his part.

In 45 Corpus Juris, verbo, Negligence, § 509, we find: "Momentary forgetfulness of, or inattention to, a known danger may, and usually does, amount to negligence. When a person has exercised the care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances, he is not negligent merely because he temporarily forgot or was inattentive to a known danger. To forget is not negligence unless it amounts to a failure to exercise ordinary care for one's safety. Regard must be had to the exigencies of the situation—the circumstances of the particular occasion. Circumstances may exist under which forgetfulness or inattention to a known danger may be consistent with the exercise of ordinary care, as where the situation requires one to give undivided attention to other matters, or is such as to produce hurry or confusion, or where conditions arise suddenly which are calculated to divert one's attention momentarily from the danger. To excuse forgetfulness of, or inattention to, a known danger, some fact, condition, or circumstance must exist which would divert the mind or attention of an ordinarily prudent person; mere lapse of memory is not sufficient, and if, under the same or similar circumstances, an ordinarily prudent person would not have forgotten or have been inattentive to the danger, such conduct constitutes negligence."

Also relevant to the matter under consideration is the following extract taken from 20 R.C.L., verbo, Negligence, § 96: "The plaintiff's knowledge of the peril is to be established like any other fact, and ordinarily is for the jury's determination. The most convincing proof, perhaps, consists in evidence showing that he was warned of the danger; but in a great majority of cases knowledge must rest in the imputation arising from the fact that the peril was patent or obvious, or the fact that the plaintiff was familiar with the offending place or appliance. He is held to have had knowledge of all such perils as were obvious or discoverable by reasonable observation and the use of the senses, provided the circumstances were such as to fix knowledge in his mind, and not to justify forgetfulness. While as a rule a failure to avoid a known peril is in no wise excused by the fact that the plaintiff 'did not think' or 'forgot', yet there are exceptions; where the plaintiff was confronted by an emergency, or acted to save life or property, or had his attention diverted. For example, it is true as a general rule that where a pedestrian, while proceeding along the sidewalk of a municipality sustains an injury by reason of a defect or obstruction which he might have observed if he had looked, the fact that his attention was diverted from the surface of the street at the moment when he encountered the defect does not establish negligence on his part as a matter of law. Whether he was negligent is in such case a question for the jury. But the conclusion has been reached by the authorities that momentary forgetfulness of a danger, which forgetfulness is not induced by some sudden and adequate disturbing cause, is itself as matter of law contributory negligence barring a recovery."

In the case at bar, we think that plaintiff's inattention to or forgetfulness of the raised area and its attendant jagged edge was not consistent with the exercise of the ordinary care required of her. The record discloses no circumstances or conditions that arose at the time to momentarily distract or divert her attention from the alleged defect of which she was aware and which was plainly visible to her. She was contributorily negligent in that she failed to employ the care and caution that an ordinarily prudent person would have exercised under similar circumstances, and her negligence bars recovery herein.

This court said in the case of Glatstein v. City of Shreveport, 149 So. 158, 159, that: "The law requires that the pedestrian be observant of where and how he is going so that he may avoid dangers which ordinary care and prudence would disclose. While he is not bound to look for hidden dangers, he is required to walk with his eyes open, to observe his course, to see what is open

and apparent, and to use that degree of care which the surrounding circumstances would dictate to a person of ordinary reasonable prudence."

Because of our holding under the alternative plea of contributory negligence, it becomes unnecessary for us to discuss and pass upon the alleged negligence of the store in maintaining the elevated area on the concrete parking lot.

█ It is urged by plaintiff's counsel that the trial court erred in excluding testimony sought to be adduced to show that other persons were injured on the same raised portion subsequent to the accident under consideration and that therefore it constituted a dangerous defect. No useful purpose would be served by a review of that ruling, which pertains to evidence affecting the store's alleged negligence, for plaintiff cannot recover because of her own negligence.

The judgment of the trial court appears to be correct, and it is affirmed, with costs.