McBRIDE, Judge.
This suit to recover for personal injuries and attendant expenses arising out of an accident which allegedly befell Audrey Richards on August 15, 1959, in Schwegmann’s Super Market, 2222 St. Claude Avenue, New Orleans, was dismissed, and plaintiffs have appealed from the judgment.
Plaintiffs claim that their damages occurred as a result of Audrey Richards’ (aged 34), who was pregnant at the time, having struck her foot on a sharp object, not visible to her, that protruded from a bagging stand in the Schwegmann establishment; that said object cut her severely and caused her to fall unconscious upon the metal bar on the basket she was pushing.
The storekeeper is said to have been negligent in that it did not provide Audrey Richards, its customer, a clear aisle or passageway so she could walk in safety. The defendants deny the allegations of the petition.
Audrey Richards, Bessie Frank, her sister, and Earline Eugene, her neighbor and friend, were in the store together, but none of them could describe with certainty the “object” which supposedly struck Audrey’s foot and caused her to fall. Audrey had executed a right turn with her basket in order to leave the store and “At the end of the second bagging counter, or whatever they call them, I struck my foot and before I realized I snagged it and I don’t know anything after that.” She could not state with any degree of preciseness the nature of the object except that it was sharp and stuck out from the end of the stand; whether it was a nail, a piece of metal, how long it was or how far it was located from the floor, she did not know. She further stated that her basket ■ struck something, but could not say if it was the same thing that “hit my foot.”
Earline Eugene was paying no attention to Audrey Richards when the alleged accident occurred; however, she stated that something protruding from the bagging stand “caught” her own basket as she passed it and that it was necessary to maneuver the basket around the object. She said: “It appeared to be a sharp piece of metal. A metal obj ect.” She did not know how long it was nor could she tell how far it was sticking' out. She knew it was not a nail, but could give no further information as to its appearance.
Bessie Frank said she saw an object sticking out from the end of the stand and her own words are: “I don’t know exactly what kind of object it was.” The nearest she could come to giving a description was that: “It looked like a metal piece.”
Mrs. Boudreaux, the bagger at the stand from which the offending “object” is alleged to have protruded, testified that she bagged *144 customers’ purchases on both sides of the stand and in carrying; out her duties had to move about the stand all day long'. She states that never at any time did anything catch her foot nor did she see anything protruding from the stand.
Mrs. Adams, the cashier, testified that her duties required her presence by the stand and that she never tripped or caught her foot on anything.
The manager of the store stated that immediately following the alleged incident, he examined the bagging stand and found nothing unusual about it. No object was sticking out nor could he find anything out of the ordinary.
Defendants produced one of the wire baskets in the courtroom below, and Audrey Richards demonstrated how she pushed her basket at the time she said the accident occurred. From a description of the demonstration found in the record, the feet of said plaintiff necessarily were between the two rear wheels on the basket, and this being so, if anything had protruded from the stand, it occurs to us that the protruding object would have struck the wheels and not said plaintiff’s feet.
Audrey Richards in her discovery deposition admitted that a wheel struck the bagging stand in front of the check-out counter adjacent to the one she had just left, and it could well be that the shock of the contact between the basket and the stand could have caused her foot to strike the undercarriage of the basket. Dr. Knight, who treated plaintiff, has described the .type of injury plaintiff had sustained thus:
“It was a one inch cut on the dorsum of the foot transverse, diagonally. The cut was a type of cut that you get from a bruised type of thing. It is not clean like a razor blade cutting a raw edge. * * *»
From this we think we can rule out that Audrey Richards struck her foot on any sharp object sticking out from the stand.
Before plaintiffs could be successful in this suit, it was incumbent upon them to show that there was fault on the part of the proprietor and ignorance of danger on the part of the customer. They have fallen far short of making such showing. Under the settled jurisprudence of the state, while a storekeeper must exercise care with respect to his patrons and invitees, he is not an insurer of an injury which was occasioned through no fault of his. The judge was correct in dismissing plaintiffs’ demands.
Therefore, the judgment appealed from is affirmed.
Affirmed.