CULPEPPER, Judge.
This is a suit for damages for personal injuries suffered by the plaintiff, Mrs. Mackie Nell Ardoin. She alleges she was shopping at a lingerie counter in Bill’s Dollar Store in Ville Platte when a straight pin stuck into her ankle, causing a puncture wound which later became infected and resulted in a serious condition. The defendant, United States Fidelity & Guaranty Company, is the storekeeper’s insurer. Since the evidence does not show where the pin came from or how it became embedded in plaintiff’s ankle, the district judge found there was no proof of negligence on the part of the storekeeper. From a judgment dismissing her suit, plaintiff appealed.
Mrs. Ardoin described the accident as follows:
“Well, I was by a counter, me and Glenda, (Mrs. Jerry Book, a neighbor) and I felt something on my ankle, sort of a numbness feeling, yet it wasn’t numb, I don’t know how to explain it, and I looked down and I hollered at her, I said, ‘Look,’ and a straight pin had stuck all the way to the head.”
The pin had entered the inside of Mrs. Ardoin’s left ankle, 2 or 3 inches from the bottom of her foot. There is no direct evidence to show how this occurred. The lingerie counter is simply a table with four legs. There were no shelves or boxes underneath from which the pin could have been protruding or against which plaintiff’s ankle could have brushed. Plaintiff testified that after this occurrence she noticed some pins on the floor, but she gave no explanation as to how the pin could have gotten from the floor into her ankle. Counsel for plaintiff argues a possible explanation is that plaintiff was walking along the aisle and the pin was picked up from the floor by her right shoe and then driven into the inside of her left ankle. Actually, Mrs. Ardoin did not testify whether she was walking or standing at the time she first noticed the pin in her ankle.
It is apparent that initially both Mrs. Ardoin and Mrs. Book considered this a very minor incident. Mrs. Ardoin simply said “look what’s in my foot” and then she pulled the pin out, finished her shopping and left the store without even reporting it to anyone. However, that night her ankle began to swell and hurt. The next day she returned to the store and reported the incident to the manager, who gave her some insurance forms to fill out regarding the accident.
Plaintiffs’ cause of action arises from our general law of negligence. LSA-C.C. Articles 2315, 2316. Our jurisprudence has established that the storekeeper has a duty to provide a reasonably safe place for his customers. However, he is *612 not the insurer of their safety. He must keep his floors and passageways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. In the case of extraneous objects upon the floor, it must be shown that the object created an unreasonable risk of harm and that the storekeeper had either actual notice of its presence, through his employees having put it there, or that he had constructive notice by virtue of the hazard having existed for such a period of time that it should have been discovered and removed. Peters v. Great Atlantic & Pacific Tea Company, La.App., 72 So.2d 562; Lejeune v. Hartford Accident & Indemnity Company, 136 So.2d 157 (La.App. 3rd Cir. 1961); Bishop v. F. W. Woolworth and Company, La.App., 8 So.2d 701; Joynes v. Valloft & Dreaux, Inc., La.App., 1 So.2d 108; Benton v. Connecticut Fire Insurance Company, La.App., 145 So.2d 89.
Applying these general rules to the facts of the present case, we find there is no proof of negligence on the part of the storekeeper. Actually, the evidence does not show where the pin came from, how long it had been there, who put it there, or how it entered plaintiff’s ankle. However, even if we assume that the facts most favorable to plaintiff, i. e., that the pin was on the floor and, as Mrs. Ardoin walked along the counter, the pin stuck to her right shoe and was driven into the inside of her left ankle, we do not think the evidence shows the storekeeper was negligent. We say this first because the mere presence of a straight pin on the floor does not create an unreasonable risk of foreseeable harm to customers. As stated above, the storekeeper is not an insurer of the safety of his patrons. It must be shown that the condition was one from which harm could reasonably be anticipated. How could a person be required to reasonably foresee that a small straight pin on the floor could be picked up by a shoe and driven into an ankle ? Such an accident is so unlikely that it is simply not reasonably foreseeable.[1]
Furthermore, the evidence does not show that the storekeeper had either actual or constructive notice of the presence of such a pin on the floor.[2] It is not shown that the storekeeper’s employees are responsible for the pin being on the floor. And, if a customer or other person caused it to be there, it is not shown that it was on the floor long enough that the storekeeper should have discovered and removed it.
In the alternative, plaintiff urges that the doctrine of res ipsa loquitur should be applied. She cites Pilie v. National Food Stores of Louisiana, 245 La. 276, 158 So.2d 162, in which a carton of Coca-Colas fell from a display shelf and cut plaintiff’s foot, while she was shopping in the store. The evidence did not show what caused the bottles to fall. In denying recovery, the majority opinion stated “ * * * res ipsa loquitur will not be applied unless the facts and circumstances indicate that the negligence of the defendant, rather than the negligence of others, is the most plausible explanation of the accident * * * As stated above, there are no facts or circumstances of this case to indicate that the storekeeper was negligent. Hence, it is clear the doctrine of res ipsa loquitur has no application here.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.

. For similar holdings see Chew v. Paramount-Richards Theatres, Inc., 14 So.2d 583 (2d Cir. 1942).—a gentle slope in an entranceway; Simmons v. Chucks, Inc., 113 So.2d 309 (Orl.App.1959)—a chair in dimly lit lounge pushed back against plaintiff.

. Benton v. Connecticut Fire Ins. Co., supra, discusses this requirement of a storekeeper’s negligence.