LANDRY, Judge.
This appeal by plaintiff Seleston Cunningham is from the judgment of the trial court rejecting and dismissing his tort ac *662 tion against defendant Southern Bell Telephone & Telegraph Company (Southern Bell) for damages for personal injuries (and incidental medical expense) sustained in a fall which occurred near one of Southern Bell’s public telephone booths located on the premises of a gas station belonging to a third party. The trial court rejected plaintiff’s demand upon finding defendant free of negligence constituting a proximate cause of the accident. In this determination we concur.
The salient circumstances upon which appellant relies are undisputed and may be summarized as follows: Plaintiff, a retiree, occasionally worked as a mechanic and motor repairman. On the date of the accident, March 24, 1964, plaintiff was so employed by the D & W Conoco Service Station in Covington, Louisiana. On the service station premises defendant placed a “walk up” telephone booth which defendant installed near the public sidewalk adjacent to one of the driveways affording ingress and egress to the gas station in question. The subject facility consisted merely of a coin operated telephone mounted approximately four feet above the ground on a metal pipe or pole embedded in concrete. To protect it from the elements, the device was enclosed in a metal case having a plastic or plexiglass front which was apparently hinged near the top thus permitting access to the telephone. To use the apparatus a customer merely walked up to the instrument, lifted the plastic front cover, took down the receiver, inserted a coin and dialed the number desired.
Due to leakage or seepage from an underground waste storage tank on the service station premises, an accumulation of oil, sludge and water collected on the paved surface of the entranceway near which defendant’s telephone was situated. This accumulation, sufficient in scope to be readily noticeable by persons frequenting the premises, was in close proximity to defendant’s telephone booth and had to some extent encroached upon the adjacent sidewalk.
Plaintiff had worked at the station for some time and was fully aware of the existence of the condition noted. On the date of the accident, upon being summoned from his work at the service station by his daughter to answer a telephone call at his home nearby, plaintiff proceeded to walk to his residence and in doing so, slipped and fell in the aforementioned pool of grease. In falling, plaintiff cut the palm of his left hand on a light bulb lying on the concrete directly in front and within a few inches of the standard on which defendant’s telephone was mounted.
Plaintiff maintains defendant was negligent in permitting the light bulb, allegedly discarded by defendant, to remain on the ground beneath its telephone booth. In this connection it is argued that defendant is charged with knowledge that someone might slip on the aforesaid grease spot, fall and sustain injuries upon contacting the light • bulb. Plaintiff does not contend defendant is responsible for the unclean condition of the premises which precipitated his fall.
That a party may recover damages for personal injuries sustained in a fall on the premises of another is well settled in our jurisprudence. In general, recovery in such instances may be had when the instrument, substance or condition of the premises responsible for the accident is a proximate cause of the mishap. The rule further requires that the substance, condition or object must have either been placed at the scene or caused by defendant or his agents or employees, or if caused by a third person must have existed sufficient in time to warrant charging defendant wtih notice thereof. LSA-C.C. Articles 2315 and 2316; Lejeune v. Hartford Accident and Indemnity Co., 136 So.2d 157 (La.App., 3rd Cir. 1961), Cert. Denied March 16, 1962; Sigler v. Mount Vernon Fire Insurance Company, 201 So.2d 656 (La.App., 3rd Cir. 1967); Ardoin v. United States Fidelity & Guaranty Co., 205 So.2d 610 (La.App., 3rd Cir.1967).
*663 More specifically, however, the duty of a telephone company to “police” the area adjacent to telephone booths installed upon the premises of merchants and shopkeepers, is not as great as that of the merchant or shopkeeper himself. Green v. Southern Bell Telephone & Telegraph Company, La.App., 204 So.2d 648. In the Green case, supra, the court pointed out that under such circumstances the relationship of the telephone company to the users of such facilities differs largely from that of the merchant or shopkeeper to his patrons. The court also noted that in such instances possession and control of the premises usually rests in the owner or lessee whose opportunity for inspection and removal of dangerous substances is far superior to that of the telephone company. Because of this obvious situation the degree of care incumbent upon the telephone company is less than that required of the owner or lessee.
In the case at hand the record is barren of evidence to establish either the source from which the light bulb originated or the length of time it lay beneath the telephone booth. Plaintiff in essence testified he did not know whether the bulb in question was discarded by the telephone company or how long it remained beneath the booth prior to the accident.
Bruce Welch, electrician, testified that when the booth was installed, he connected the electricity to the booth before the telephone was placed in operation. He also stated that whereas the booth was then wired for electricity, the bulb which lighted it would not burn. He loosened the protective cover of the bulb sufficiently to determine the kind of bulb required for a replacement. According to Welch the bulb was intact and he neither removed nor replaced it.
One of defendant’s supervisors, C. J. Burnett, testified that the remnants of the bulb introduced in evidence could or could not be of the type used to light phone booths of this particular type. Insofar as he was aware, the bulb in the booth had not been changed since the booth was installed. In addition, Burnett had no knowledge whatsoever concerning the length of time the offending bulb remained in the vicinity of the booth. It further appears that in the instant case defendant did not either expressly or impliedly deny responsibility for the condition of the premises insofar as concerned its contractual arrangement with the owner of the subject premises.
Predicated upon the aforesaid evidence, we find the trial court properly concluded plaintiff had failed to establish any negligence whatsoever on the part of defendant. It does not appear with reasonable certainty either that the bulb was discarded by defendant’s employees or that it remained near the booth in question sufficiently long to charge defendant with knowledge of its presence.
Assuming arguendo, defendant was negligent in either permitting the light bulb to remain near its facility or failing to remove the grease spot in question, plaintiff is barred from recovery under defendant’s plea of contributory negligence. The condition of the premises which caused plaintiff’s fall admittedly existed long prior to the accident. Plaintiff candidly admitted his complete awareness of said condition which was readily obvious to any one exercising the slightest degree of caution. Under such circumstances, it behooved plaintiff to proceed across this patently treacherous spot with care commensurate with the condition of which he was cognizant. His admitted failure to do so constitutes contributory negligence barring his recovery.
Nor is plaintiff’s dereliction to be excused under the doctrine of momentary forgetfulness which plaintiff pleads in exculpation of defendant’s plea of contributory negligence. As authority for this position, plaintiff cites Black v. American Mut. Liability Ins. Co., La.App., 37 So.2d 63 and Gustine v. Big Chain Stores, Inc., La.App., 180 So. 852.
*664 In Green v. Acosta, La.App., 173 So.2d 291, certiorari denied 247 La. 1020, 175 So.2d 302, we dealt at some length with the rule of momentary forgetfulness which excuses one from the effect of contributory negligence where sufficient cause is shown for the lapse of memory or inattentiveness which results in the accident. As stated in the Green case, supra, the excuse envisioned by the rule must involve something apart from mere inattention itself. It must spring from some external circumstance and may not consist of mere mental absorption on some other subject. The incident inducing the inattentiveness must be reasonably calculated to induce a reasonably prudent individual to forget the danger or justify his ignoring its existence. The act of walking to one’s residence to answer a routine telephone call does not fall with that class of incidents justifying application of the rule of momentary forgetfulness.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.