TATE, Judge.
The plaintiff Ousley appeals from the dismissal of his personal injury suit. His injuries resulted when he slipped and fell on a slimy area on his neighbor’s walkway. The defendant is the neighbor’s liability insurer.
The trial court held that Ousley’s recovery is barred by his contributory negligence. The essential issue of the appeal is whether the trial court erred in finding that the slimy area was an obvious hazard and that Ousley knew of it prior to his fall.
Ousley denies knowing the wet area was slippery. However, we find no manifest error in the trial court’s contrary factual conclusion.
Such conclusion was based upon circumstances reasonably indicating to the contrary, such as the following:
The testimony of the neighbor and his wife that the slimy condition was obvious over the two-month period preceding the accident; the wife’s testimony that she specifically cautioned Ousley about the slippery condition, she having nearly fallen herself (and a small boy in the neighborhood having previously fallen) ; the uncon-tradicted showing that Ousley and the neighbor were close friends, visiting one another’s premises daily or more, with frequent opportunity to notice the obvious hazard; the testimony of yet another neighbor that the slippery condition of the slimy area was obvious; an early admission by Ousley, in a statement to an insurance adjuster, that he had slipped on the spot because he had forgotten about the slimy fungus.
Alternatively, Ousley contends that any failure on his part' to observe or to remember the slippery spot was not unreasonable under the circumstances, since his attention was momentarily distracted through a situation which suddenly arose.
The “momentary distraction” excuse for negligent conduct essentially recognizes that circumstances may exist under which forgetfulness or inattention to a known danger may be consistent with the exercise of ordinary care by a reasonable man: Due to hurry, confusion, undivided attention to other matters, or sudden diversion, a reasonable man under like circumstances might through such distraction subject himself to the hazard.
See: Ensminger v. Great Atlantic & Pacific Tea Co., La.App. 2d Cir., 152 So.2d 586; Crosby v. Brown Oil Tools, La.App. 1st Cir., 92 So.2d 115; Prosser on Torts, Section 32, p. 160 (3d ed., 1964); 2 Harper & James, The Law of Torts, Section 16.5, p. 911 (1956); Restatement of Torts 2d, Section 289, Comments d, e, and f; 65A C.J.S. Negligence § 120(2), pp. 64-65 (1966).
The circumstances for application of the momentary distraction excuse are not present in the instant case. Hearing the noise of bottles rattling, during daylight hours, Ousley was walking to his neighbor’s carport to investigate whether small boys were meddling with his neighbor’s boat. (His neighbor had asked him to look after his house during a weekend absence.) En route, Ousley waved to another neighbor across the street.
Under all the circumstances, Ousley’s failure to remember- the known obvious hazard was not reasonably excused by any occasion or necessity for totally diverting his attention from the exercise of ordinary care in observing and avoiding such hazard in his path.
For the reasons assigned, we affirm the judgment of the trial court dismissing this suit, at the cost of plaintiff-appellant.
Affirmed.