241 So.2d 291 (1970)
Mrs. Flora DUNN
v.
The EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd. and Food Town, Inc.
No. 8089.
Court of Appeal of Louisiana, First Circuit.
November 16, 1970.
Ben Lightfoot, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellant.
Arthur Cobb, Baton Rouge, for appellees.
Before LOTTINGER, SARTAIN and PICKETT, JJ.
PICKETT, Judge.
This is a tort action by the plaintiff, Flora Dunn, against Food Town, Inc., and *292 its liability insurer, The Employers' Liability Assurance Corporation, Ltd., wherein the plaintiff seeks to recover for personal injuries which she alleges she sustained as the result of a fall caused by tripping over a box in the aisle of the Food Town, Inc., store on June 6, 1968, located in the City of Baton Rouge, Louisiana. The defendants answered, with a general denial of fault, and in the alternative alleged contributory negligence on the part of the plaintiff. After the trial on the merits, the district court granted plaintiff a judgment against the defendants, in solido, in the sum of $1,250.00, together with interest from judicial demand and all costs of suit. The defendants have appealed.
There is little, if any, dispute as to the pertinent facts in this case. The plaintiff testified that she resides a very short distance from the Food Town, Inc., store, and that she walked to the store almost daily to buy groceries. She said she obtained a basket and was walking around through the store picking up such items as she desired, when she saw some Vienna sausage on sale. She picked up three cans of the sausage in one hand and two cans of sausage in the other hand and turned to place them in her basket. At that moment her feet came in contact with a box, and she tripped and fell, in such a manner that she struck the box and then the floor. One of the store employees with whom she had been talking, helped her to her feet. Thereafter, she continued her shopping, but her right leg began paining her, and she decided to go to a doctor. The plaintiff stated that as she entered the aisle in which she fell, from the front of the store, and proceeded toward the back of the store, she observed a line of boxes containing fifths of whiskey on the floor on each side of the aisle against the merchandise shelves, on gondolas. She said they were "flush against the wall." There was walking distance between the lines of boxes. Plaintiff had gone about one half of the way down the aisle when she came to the Vienna sausage, where she fell.
Freddie Clifton Webb called by the plaintiff under cross-examination testified to substantially the same facts as those related by plaintiff. He said he was in the aisle when the plaintiff fell. He was stock clerk for Food Stores, and at that time was putting up canned meat on the shelves. While he was talking to plaintiff about the Vienna sausage which were on sale, she picked up some of the sausage and as she placed it in her shopping cart, she stepped backward and fell over a whiskey box. He assisted the plaintiff to her feet. Webb said the whiskey cases were about twelve inches wide, and sixteen to eighteen inches long, and the height of a fifth of whiskey bottle. Each of the boxes contained twelve fifths of whiskey. He said the whiskey cases, or boxes were pushed up against the bottom shelf of the merchandise shelves.
We have no difficulty in finding the defendant, Ford Store, Inc., guilty of negligence in this case. This court, in Cunningham v. Southern Bell Telephone and Tel. Co., 215 So.2d 661, a "slip and fall case", said:
"That a party may recover damages for personal injuries sustained in a fall on the premises of another is well settled in our jurisprudence. In general, recovery in such instances may be had when the instrument, substance or condition of the premises responsible for the accident is a proximate cause of the mishap. The rule further requires that the substance, condition or object must have either been placed at the scene or caused by defendant or his agents or employees, or if caused by a third person must have existed sufficient in time to warrant charging defendant with notice thereof. LSA-C.C. Articles 2315 and 2316; Lejeune v. Hartford Accident and Indemnity Co., 136 So.2d 157 (La.App., 3rd Cir. 1961), Cert. Denied March 16, 1962; Sigler v. Mount Vernon Fire Insurance Company, 201 So.2d 656 (La.App., 3rd Cir. 1967); Ardoin v. United States Fidelity & Guaranty Co., 205 So.2d 610 (La.App., 3rd Cir. 1967)." *293 In Provost v. Great Atlantic & Pacific Tea Company, La.App., 154 So.2d 597, the Court, 3rd Cir., held that a storekeeper has the duty of keeping the aisles and passageways in his store in a reasonably safe condition for his customers, and in that connection said:
"The law in this State is settled to the effect that a person, who enters a store for the purpose of trade occupies the status of an invitee or business visitor, and that the owner or proprietor of such a store must exercise ordinary care and prudence to keep the aisles, passageways, floors and walks in a reasonably safe condition for his customers. Although the law imposes a duty of reasonable care toward the invitee, it does not make the storekeeper the insurer of the safety of persons properly on the premises, and his liability does not arise unless and until it is established that the injury or loss was caused by his negligence. The storekeeper will be held liable if he is aware of, or by the exercise of reasonable care should have discovered, the existence of an object projecting into the aisle which exposes patrons to danger and thereafter he fails to remove the danger or to warn customer of it. Peters v. Great Atlantic & Pacific Tea Company, La.App. 2 Cir., 72 So.2d 562; Cannon v. Great Atlantic & Pacific Tea Company, La.App. 3 Cir., 146 So.2d 804 (and cases cited therein); Reid v. Monticello, La.App. 1 Cir., 33 So.2d 760 (remanded to Court of Appeal on other grounds, 215 La. 444, 40 So.2d 814; and see La.App., 44 So.2d 509); Vogts v. Schwegmann, La.App., Orl., 56 So.2d 177; Lindsey v. Travelers Indemnity Company, La.App. 2 Cir., 111 So.2d 153 (Cert. denied); Bowers v. Lumbermens Mutual Casualty Company, La.App. 2 Cir., 131 So.2d 70 (Cert. denied); Levine v. Hartford Accident & Indemnity Company, La.App. 3 Cir., 149 So.2d 433; Richards v. Schwegmann Brothers Giant Super Markets, Inc., La. App. 4 Cir., 151 So.2d 142, 143."
On the matter of the contributory negligence of the plaintiff, the trial court, in his written reasons for judgment, said:
"The evidence indicates there where these boxes were placed on the floor they would be plainly visible. The plaintiff testified that she noticed the row of boxes to her right against the counter as she was proceeding into the aisle. However, she testified that she did not see the particular box she fell or tripped over."
On the plea of contributory negligence interposed by defendants-appellants, we concur in the finding of the trial court that plaintiff's contributory negligence is a bar to her right of recovery unless her momentary distraction by finding the Vienna sausage on sale was sufficient to exculpate her from its application. The plaintiff saw the whiskey cases stacked along the floor flush against the lower shelves of the merchandise shelves on each side of the aisle. The fact that the plaintiff testified as to the exact location of the boxes, and how they were stacked are admissions on her part that she knew their location.
In Cunnigham v. Southern Bell Telephone & Tel. Co., supra, this court found the plaintiff guilty of contributory negligence in failing to use due care in traversing a sidewalk which he knew to contain an accumulation of grease, and in that connection said:
"The condition of the premises which caused plaintiff's fall admittedly existed long prior to the accident. Plaintiff candidly admitted his complete awareness of said condition which was readily obvious to any one exercising the slightest degree of caution. Under such circumstances, it behooved plaintiff to proceed across this patently treacherous spot with care commensurate with the condition of which he was cognizant. His admitted failure to do so constitutes contributory negligence barring his recovery."
*294 Taking into consideration the facts and applicable law and jurisprudence, we find that the plaintiff was contributorily negligent and that her negligence is a bar to her right to the recovery of damages unless her momentary diversion of attention was such as to justify a reasonably prudent individual to forget the presence of the boxes that she knew were in the aisle. In Green v. Acosta, La.App., 173 So.2d 291, certiorari denied 247 La. 1020, 175 So.2d 302, this court considered the rule of momentary forgetfulness at some length, and in connection therewith said:
"While we are aware of several instances in our own jurisprudence wherein the momentary forgetfulness rule is discussed, our research fails to disclose any case in which the rule has been invoked to exculpate the pedestrian who would otherwise be deemed guilty of contributory negligence barring his recovery. In the most recent case, Youngblood v. Newspaper Production Company, La.App., 158 So.2d 432, plaintiff was held guilty of contributory negligence in the absence of a showing of external circumstances calculated to divert the attention of an ordinarily and reasonably prudent individual. Ensminger v. Great Atlantic & Pacific Tea Company, La.App., 152 So. 2d 586, involved a customer who was injured on striking a metal post approximately 15 inches in height adjacent to and leaning over a sidewalk next to defendant's store. Plaintiff maintained she was distracted by the presence of an approaching pedestrian for whom she sought to make room by stepping to the side. The Court held such distraction insufficient to apply the rule of momentary forgetfulness. In Gustine v. Big Chain Stores, La.App., 180 So. 852, application of the momentary forgetfulness rule was denied where the record failed to disclose circumstances justifying plaintiff's inattention which caused her to fall as she attempted to enter her car parked in defendant's parking lot.
(11) We have indulged in considerable research on the aforesaid rule, which is to say the least, a highly technical one having many remifications. We believe it suffices for the purposes of this opinion to state the rule, insofar as it applies to the case at bar, in essence holds that when knowledge of the danger is shown the burden shifts to the pedestrian to offer testimony exculpating his momentary forgetfulness. The rule is otherwise stated in Volume 6 McQuillin on Municipal Corporations § 2827 as follows:
`The rule seems to be that if there is a sufficient cause for the temporary forgetfulness, or the attention of the traveler is diverted for the moment, the failure to take notice of the defect is not contributory negligence.'
The excuse envisioned by the rule must be something apart from mere inattention itself, must result from some external circumstance and may not consist of mere mental absorption upon some other subject. It must be something reasonably calculated to induce the pedestrian to forget the danger or justify his ignoring its existence."
Applying the above rule to the facts in the instant case, we do not find that the discovery of the reduced price of Vienna sausage, or conversation with a store clerk, was something reasonably calculated to induce the plaintiff to forget the presence of the boxes, which she knew were in the aisle, or to justify her ignoring their existence. She should and would have seen the box over which she tripped if she had exercised reasonable care and caution. The conclusion is inescapable that the plaintiff was contributorily negligent even under the momentary forgetfulness rule urged in her behalf.
For the reasons assigned, the judgment of the trial court is reversed, and it is ordered and decreed that plaintiff's demands against the appellants be and they are hereby dismissed at plaintiff's costs in both courts.
Reversed.