AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover $2,279.70 for damages sustained to his airplane when he landed it with the retractable landing gear up. Plaintiff contends that the damages resulted from the negligence of defendant, who was checking out plaintiff in the plane and directing him in its operation and who failed, in a crucial moment, to instruct plaintiff to lower the landing gear before attempting a landing. Defendant denies any negligence on his part and alleges, in the alternative, that plaintiff’s contributory negligence bars his recovery. The trial judge, in a written opinion, concluded that defendant was guilty of negligence which proximately caused the accident but that plaintiff was free from contributory negligence. Accordingly, a judgment awarding plaintiff damages as prayed for was rendered, and defendant appeals.
The testimony established that about noon on September 8, 1967, plaintiff purchased a 1960 Cessna Model 210 airplane from defendant. They agreed to meet later that afternoon, at which time the plane would be turned over to plaintiff. Defendant intended to have one Charlie Harrison accompany plaintiff in a checkout flight in the plane, but Harrison was unavailable, whereupon defendant agreed to accompany plaintiff in the plane and check him out. The object of this checkout flight was merely to familiarize plaintiff with the plane and its operation.
Both plaintiff and defendant were experienced pilots. Plaintiff had been a licensed pilot for 23 years and had amassed approximately 1255 hours of flying time. Defendant had amassed approximately 1500 hours of flying time during 12 years as a licensed pilot. Plaintiff had never before flown a Cessna Model 210 plane. The Cessna Model 210 was described as being a high-performance aircraft with retractable landing gear; the plane owned and operated by plaintiff prior to that time was not equipped with retractable landing gear. Plaintiff once owned an amphibian which had retractable landing gear and which he had flown approximately 215 hours during the period from 1952 to 1956.
Plaintiff testified that he wanted someone to go on a check-out flight with him because of the differences between the engine of the Cessna Model 210 and the engine of the plane he had been flying, and because of the differences in the instruments of the two aircraft. While not believing himself competent to fly with passengers without having been first checked out, plaintiff testified he probably could have flown the Cessna Model 210 after having received instructions as to the starting of the engine and the setting of the controls. Both parties testified that a Federal Aviation Agency regulation required that before a pilot could fly passengers he must have made at least five takeoffs and landings in the plane in the 90 days prior to the date of his taking on passengers. Plaintiff admitted that he wanted to fly passengers the next day, so he was eager to make the required takeoffs and landings.
The testimony of plaintiff, defendant, and Herbert A. Hicks, a pilot and friend of plaintiff who was also on the flight in question, established that defendant explained the instrument panel to plaintiff and gave him directions as needed in the operation of the plane during the flight. At all times, plaintiff was in control of the plane. After takeoff, plaintiff tried unsuccessfully to retract the landing gear, and defendant showed him how to do it. Plaintiff subsequently went through the process of lowering and raising the landing gear at least once, and possibly two or three times. It was definitely established that plaintiff put the landing gear in the *750 retracted position and left it there. Wanting to do the five takeoffs and landings necessary to qualify him to fly passengers, plaintiff decided not to fly to the practice area and do engine stalls and various other maneuvers designed to increase his familiarity with the plane. He maneuvered the plane into position for landing and headed for the runway. He received instructions from defendant as to how much power was needed to make the approach and landing safely. Plaintiff then, as heretofore noted, landed the plane with the landing gear retracted, causing the damages complained of.
The testimony established that there was a light on the instrument panel which was red when the landing gear had been retracted and also a horn or buzzer which sounded if the manifold pressure dropped below a certain point when the landing gear was retracted. Tests conducted after the accident indicated that both were functioning properly; however, neither plaintiff nor defendant heard the horn or saw the red light. Plaintiff did not see two checklists located on the left side of the cockpit where he was sitting. The checklist for landing had a notation concerning the positioning of the landing gear.
For the purposes of our decision, we accept as established the fact that the defendant was negligent. The trial court so found; the weight of the testimony supports this conclusion.
The rule in Louisiana is that in the absence of any statute specifically applicable to the issue of negligence in the operation of aircraft, the ordinary rules of negligence apply. Southern Air Transport v. Gulf Airways, 215 La. 366, 40 So.2d 787, 789 (1949). We are unaware of any such statute. Thus, we focus our attention upon defendant’s contention that the trial judge erred in failing to find plaintiff contributorily negligent.
We are impressed by the fact that plaintiff was a pilot who had 23 years of experience and who had at one time owned and flown a plane which had retractable landing gear, although the landing gear on that plane was not exactly like that on the Cessna Model 210. On the flight in question, plaintiff experienced difficulty in retracting the landing gear, and defendant showed him how it was done. Plaintiff operated the mechanism controlling the landing gear, and it was he who raised it to the retracted position. Thus, he was fully aware that the landing gear was retracted. Further, he failed to observe a red light on the instrument panel which indicated that the landing gear was retracted. Had he been alert, plaintiff would have seen the red light which tests, made following the accident, indicated was functioning properly. The presence of the red light should have alerted plaintiff to the fact that something was awry in the operation of the plane.
Our review of the record convinces us that plaintiff was not alert and did not exercise that degree of caution and care required in piloting an airplane, a dangerous instrumentality under most any circumstance. No valid reason has been advanced why he should not have first ascertained that the landing gear was retracted before attempting to land. That was a most important duty. Plaintiff knew, or should have known, and was in position to see, that the landing gear was not extended and not in position for landing.
Plaintiff contends that his failure to lower the landing gear may be excused under the “momentary distraction” rule. In Ousley v. Allstate Insurance Company, 234 So.2d 478, 479 (La.App., 3d Cir. 1970), the court stated:
“The ‘momentary distraction’ excuse for negligent conduct essentially recognizes that circumstances may exist under which forgetfulness or inattention to a known danger may be consistent with the exercise of ordinary care by a reasonable man: Due to hurry, confusion, undivided attention to other matters, or *751 sudden diversion, a reasonable man under like circumstances might through such distraction subject himself to the hazard.”
As the court said in Cunningham v. Southern Bell Telephone & Telegraph Company, 215 So.2d 661, 664 (La.App., 1st Cir. 1968):
“ * * * the rule of momentary forgetfulness * * * excuses one from the effect of contributory negligence where sufficient cause is shown for the lapse of memory or inattentiveness which results in the accident. As stated in the Green case, supra [Green v. Acosta, 173 So.2d 291 (La.App., 1st Cir. 1965—cert. denied)], the excuse envisioned by the rule must involve something apart from mere inattention itself. It must spring from some external circumstance and may not consist of mere mental absorption on some other subject. The incident inducing the inattentiveness must be reasonably calculated to induce a reasonably prudent individual to forget the danger or justify his ignoring its existence.”
Admittedly, plaintiff was landing this plane for the first time; however, as heretofore noted, he was an experienced pilot. Seemingly, he was so confident of his ability to handle it that he chose to forego flying in the practice area and going through certain maneuvers which could have familiarized him more thoroughly with the plane’s “feel.” We are not in agreement with the contention that a man who had been flying for 23 years was so absorbed in landing a plane that he can be excused for forgetting, so soon, that the landing gear had been retracted by him. Therefore, the conclusion appears to us to be inescapable that plaintiff was guilty of negligence which, at least, contributed to the accident and bars his recovery of damages.
For the reasons assigned, the judgment appealed is hereby annulled, avoided, reversed, and set aside; and it is now ordered, adjudged, and decreed that plaintiff’s demands be, and they are hereby, rejected and his suit dismissed at his costs.
Reversed and dismissed.
Before AYRES, BOLIN, PRICE, HEARD and HALL, JJ.