278 So.2d 814 (1973)
Max O. WILSON, Individually and on Behalf of his minor daughter, Debra Lynn Wilson
v.
ALLSTATE INSURANCE COMPANY.
No. 5528.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1973.
Charles A. Boggs of Montgomery, Barnett, Brown & Read, New Orleans, for plaintiff-appellant.
E. Kelleher Simon of Murphy & Simon, New Orleans, for defendant-appellee.
Before SAMUEL, GULOTTA and FLEMING, JJ.
FLEMING, Judge.
Plaintiff-appellant, Max O. Wilson, instituted suit individually as well as on behalf of his minor daughter, Debra, to recover for personal injuries sustained by the child and for medical expenses incurred by him in her treatment. The named defendant was Allstate Insurance Company, the public liability insurer of Leonard L. Benvenutti, in whose home Debra was injured. From an adverse judgment, an appeal has been lodged in this court.
The facts of the case are essentially not in dispute.
*815 Debra Lynn Wilson, then age 14, had been employed by Leonard L. Benvenutti on the evening of June 9, 1970 as a babysitter for his five children. Debra had been employed by the Benvenutti's between five and ten times prior to this as a babysitter and was familiar with the overall layout of the premises.
On this particular evening certain of the children but particularly seven year old Brook Benvenutti, were creating something of a discipline problem for Debra. Earlier in the evening Brook began running in a circular pattern around the house in an uncontrolled fashion from room to room. He was apparently unresponsive to Debra's requests that he stop and in order to put an end to his playing in this fashion Debra closed a sliding glass door situated between the den and the living room, thereby cutting off Brook's passageway. This temporarily, at least, put an end to the child's playfulness.
Later however the problem again reasserted itself. It was then nearly 10:00 p. m., and Debra had been instructed to put all the children to bed at this hour. Again Brook began to give Debra difficulty in that to avoid being put to bed he ran out of the house entirely. This was not the first time Brook had done this. In fact Debra testified that on one prior occasion Brook had run outside to avoid being forced to go to bed and she had to chase him to the corner before she could apprehend him. On this night however Debra chose to use some psychology rather than engage in a foot race with Brook.
When she saw Brook running out of the front door, she shouted to one of the other children to slam it shut in order to lock Brook out thinking that this would make the child want to come back inside. The only other entrance to the house was through the back door and Debra immediately started toward this entrance to intercept Brook when he came in. In her haste to reach the back door, Debra forgot about the presence of the sliding glass door which she had closed an hour before. She ran into the door with such force that the bottom portion of it shattered, cutting her severely about the face, legs, hands and chest.
The door in question was a clear glass panel containing no decals or other markings. It had aluminum framing around it but no delineation elsewhere. Debra testified however that the door was not invisible and that one could see it while standing across the room. However it was Debra's further testimony that although she was approximately six feet from the door when she began to run towards it, she forgot in all the excitement that she had closed the door and therefore the accident occurred.
Appellant lists two specifications of error on the part of the trial court. First it is argued that Mr. Benvenutti owed a duty to Debra to warn her of the existence of the door because it constituted a hidden or concealed peril. Secondly the argument is advanced that Debra was not contributorily negligent but even assuming arguendo that she was, the doctrine of "momentary forgetfulness" operates to exonerate her of the effect of such negligence.
We pretermit a discussion of the duty, if any exists, on the part of Mr. Benvenutti to warn Debra of the existence of the door or the alleged hazards connected with its use. The record clearly reflects that Debra was familiar with the hazards of glass sliding doors, having one present in her own home, the use of which she had been cautioned of by her parents. The record likewise reflects that Debra was well aware of the presence of this door, having closed it an hour before. Moreover we can not agree with appellant's contention that maintenance of a glass sliding door in one's house constitutes per se a hidden peril or danger. See Sullivan v. Birmingham Fire Insurance Co. of Pa., La.App., 185 So.2d 336 (1966). Therefore even if such duty did exist a breach of that duty would have in no way been a proximate cause of this accident.
*816 We are however of the opinion that Debra Lynn Wilson was negligent and that her negligence was the proximate cause of the accident. It is an uncontested fact that Debra knew the door was there as she herself closed it an hour beforehand. Having done so she is charged with the knowledge of its presence. She also admitted that the door was not invisible and could be seen from across the room. Therefore we are constrained to find that had Debra been exercising reasonable attention to her surroundings, the accident would not have occurred. Skyles v. State Farm Fire & Casualty Company, La.App., 210 So.2d 609 (1968).
In defense thereof appellant argues that the doctrine of "momentary forgetfulness" operates to relieve her of the consequences of her negligence and allow her recovery. Briefly stated the doctrine of "momentary forgetfulness" is defined at 65A C.J.S. Negligence § 120(2) as follows:
"Momentary forgetfulness of, or inattention to, a known danger may, and usually does, amount to negligence, but forgetfulness of, or inattention to, such danger will not always constitute negligence. When a person has exercised the care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances, he is not negligent merely because he temporarily forgot or was inattentive to a known danger. To forget or to be inattentive is not negligence unless it amounts to a failure to exercise ordinary care for one's safety. Regard must be had to the exigencies of the situation, and the circumstances of the particular occasion.
"Circumstances may exist under which forgetfulness or inattention to a known danger may be consistent with the exercise of ordinary care, as where the situation requires one to give undivided attention to other matters, or is such as to produce hurry or confusion, or where conditions arise suddenly which are calculated to divert one's attention momentarily from the danger. A lapse of memory, to excuse forgetfulness of a known danger, need not, as a general rule, be induced by a sudden disturbing cause in the sense of some startling event momentarily driving memory from the mind and causing forgetfulness.
"Generally, a lesser degree of prudence may be sufficient to constitute ordinary care where plaintiff's attention is distracted by a natural and usual cause, particularly where the distraction is placed there by defendant or where defendant in the exercise of ordinary care should have anticipated that the distraction would occur. While diverting circumstances in general or standing alone are not sufficient to negative contributory negligence, the nature of the diverting circumstances must be considered with respect to the entire circumstances of each particular case.
"In order to excuse forgetfulness of, or inattention to, a known danger, some fact, condition, or circumstance must exist which would divert the mind or attention of an ordinarily prudent person; mere lapse of memory is not sufficient, and, if, under the same or similar circumstances, an ordinarily prudent person would not have forgotten or have been inattentive to the danger, such conduct constitutes negligence."
and again at 38 Am.Jur., Negligence, Section 187 as follows:
"As a general rule, the plaintiff's failure to avoid a known peril is in no wise excused by the fact that he `did not think,' or `forgot.' The conclusion has been reached by the authorities that momentary forgetfulness of a danger, which forgetfulness is not induced by some sudden and adequate disturbing cause, is itself, as a matter of law, contributory negligence barring a recovery. In other words, forgetfulness of a known danger constitutes contributory *817 negligence in itself, where it is not consistent with the exercise of ordinary care. Mental abstraction, not due to any surrounding circumstances, does not palliate inattention to a known danger. A lapse of memory in the presence of known danger relieves a plaintiff from contributory negligence only where there is a reasonable cause therefor, one apart from mere inattention. However, momentary forgetfulness may absolve one from the charge of contributory negligence where the danger is latent so as not, of itself, to be a reminder of its existence to one coming within its presence; at least, mere forgetfulness of a latent peril with which one may be acquainted does not necessarily, as a matter of law, constitute contributory negligence. Exceptions to the general rule, that the plaintiff's failure to avoid a known peril is not excused by the fact that he forgot the peril, exist where his attention was diverted from the danger by a disturbing situation, as where he was confronted by an emergency or acted to save life."
This doctrine was applied in the case of Hill v. Lundin & Associates, Inc., La.App., 243 So.2d 121 (1971), by the First Circuit Court of Appeal and in some other cases but in that case the Supreme Court reversed this decision saying:
"Under this holding we must pretermit any discussion of the application of the momentary forgetfulness and rescue doctrine as a bar to contributory negligence." Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
We do not find that this doctrine would be applicable under the facts of this case. It does not relieve Debra of the consequences of her negligence in being inattentive to a known danger, especially since this danger was created by herself. She was therefore guilty of negligence which was the proximate cause of the accident and which even assuming, but not deciding, there was negligence on the part of Benvenutti, would bar her recovery and that of her father for the injuries she sustained.
For these reasons, the judgment of the district court is affirmed, at the costs of plaintiff-appellant.
Affirmed.