TUCKER, Judge.
Plaintiff, Mrs. Edith K. Donovan, brought suit against Barber Brothers Contracting Company, Inc., and its insurer, Liberty Mutual Insurance Company, for damages sustained by her on November 11, *760 1969, when she fell into an excavation at the southwest corner of the intersection of Fairfields Avenue with North Acadian Throughway in the City of Baton Rouge, Louisiana, the excavation having been made by the defendant contracting company in connection with certain drainage work for which it had contracted with the City of Baton Rouge. The trial court found the defendant contracting company negligent in that it did leave the large hole in question unguarded, unprotected, and without signal or warning. The trial court found the plaintiff guilty of contributory negligence, however, which barred her recovery.
Plaintiff has appealed from this judgment alleging error by the trial court in finding her guilty of contributory negligence under the facts of the case, and also in not applying the so-called doctrine of “momentary forgetfulness.”
The record reveals that on the day of the accident the sixty-eight year old Mrs. Donovan, who lived on Jackson Avenue, approximately a block and one-half from the excavation site had gone to mail a letter to her mother. Although there was a paved sidewalk on the other side of the street, plaintiff had followed an unpaved foot path along the western side of Acadi-an Throughway northbound, she stepped into the street as she reached the intersection of Fairfields and Acadian Throughway in order to avoid stepping into the hole excavated by Barber Brothers, which, on one side, was approximately 12 to 18 inches from the curb of the street. Plaintiff crossed Fairfields Avenue, mailed her letter, and was returning home by the same route when she thought she heard an automobile behind her. She stepped up off the street onto the curb; In so doing she stepped on a clod of some loose ground, lost her balance and fell in the hole breaking her arm.
In-concluding that the plaintiff was contributorily negligent, and that her negligence barred her recovery, the trial judge set forth the following reasons with which we concur:
“The issue to be resolved herein, is whether or not plaintiff’s actions constitute contributory negligence to bar recovery. The court must resolve this issue adverse to the plaintiff for the following reasons: her testimony clearly established that she was aware of the danger having walked by the excavation several minutes prior to the fall; that she avoided the excavation by walking along the street; that she knew of the depth and diameter of the excavation; that she had lived in the area for over twenty years and knew that North Acadian was a heavily traveled roadway; that she left a position of safety on the northwest quadrant of the intersection and proceeded south in the street with her back to traffic even though she knew that the excavation was there without barricades and within two feet of the roadway. This knowledge must defeat plaintiff’s claim.”
The plaintiff has urged error by this court in not considering “momentary forgetfulness.” If this court has the responsibility in the past of grafting onto the body of the law of Louisiana the nebulous concept of “momentary forgetfulness,” it wishes to state at this time that the concept is extremely limited in its nature and scope, and has no application whatsoever to the facts of this case. Plaintiff did not forget the location of the excavation into which she fell. She repeatedly affirmed that she knew it existed; she simply miscalculated her own movements and slipped into it, and “whether it was the dampness of the ground from the dew or whether the loose gravel was there,” she could not speculate.
In view of our holding it is unnecessary to consider the question with reference to whether or not the defendant contracting company was negligent in failing to provide barricades around the subject excavation or other devices to warn the public, *761 including Mrs. Donovan, of the existence of the hole.
Therefore, the judgment of the trial court is affirmed at appellant’s cost.
Judgment affirmed.