302 So.2d 668 (1974)
Lester HAILEY, Plaintiff-Appellant,
v.
LaSALLE PARISH POLICE JURY, Defendant-Appellee.
No. 4749.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Rehearing Denied November 20, 1974.
Writ Refused January 10, 1975.
*669 Wm. Henry Sanders, Jena, for plaintiff-appellant.
Speedy O. Long, Dist. Atty. Jena, and Ronald L. Lewellyan, Columbia, for defendant-appellee.
Before FRUGÉ, HOOD and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a suit for damages against the LaSalle Parish Police Jury arising out of a motor vehicle accident allegedly caused by a defect or a hole in a parish maintained road on which the plaintiff, Lester Hailey, was traveling at the time of the accident. After trial on the merits judgment was rendered in favor of the defendant, and plaintiff has appealed.
The accident occurred on August 2, 1973, a fair day, at about 11:00 A.M. on *670 "Mars Hill Road" which is located approximately two miles from the city limits of Jena, La. The road is a rural, two laned, blacktopped highway which is approximately 1½ miles in length and connects two larger highways.
Plaintiff contends that on the aforementioned date while driving his 1969 Ford pickup truck in an easterly direction on Mars Hill Road (with his brother, A. W. Hailey, as a guest passenger), the wheels of his truck hit a large hole in the center of the road, causing him to lose control of his vehicle, thereafter striking a large tree. Plaintiff further alleges he sustained serious neck and back injuries as a result of the accident.
The testimony elicited at trial (in addition to accompanying photographs) indicates that the hole in question was located near the center of the road, its dimensions being about five to six feet wide, approximately 3 feet in length, and 6 to 8 inches deep. The hole encompassed nearly one-third of the vertical road surface and an approaching vehicle could not avoid the defect without partially leaving the blacktop. The hole could be seen by an oncoming easterly bound driver as his vehicle crested a small hill in the area. One of the witnesses testified the driver of a car is approximately 150 feet from the hole when it first comes into view. There are no warning signs in the immediate area.
There is no dispute that the LaSalle Parish Police Jury had the responsibility of providing maintenance for the road in question. The trial judge found the defendantpolice jury negligent under the facts of this case in that it failed to remedy the hazardous defect within a reasonable period despite knowledge on its part that such a condition existed.
The correctness of this conclusion is borne out by the evidence. The police juror of the ward where the hole was located, testified that he had actual knowledge of its presence and had himself traveled over the area in question.
The jurisprudence likewise sustains the trial judge's conclusion. See Kinard v. City of Jennings, 184 So.2d 570 (La.App.3rd Cir. 1966), LeBlanc v. Parish of East Baton Rouge, 271 So.2d 634 (La.App. 1st Cir. 1972).
Despite holding the defendant negligent, the district judge denied the plaintiff recovery by reason of a finding that he was contributorily negligent. Specifically, the trial judge found that plaintiff failed to maintain an adequate lookout in not noticing that he was in the proximity of the known defective portion of the road. He further ruled that plaintiff exceeded the maximum speed at which the defective portion of the road could be safely traversed. We likewise agree with this conclusion. See: Dupre v. Louisiana Department of Highways, 154 So.2d 579 (La.App.3rd Cir. 1963).
Plaintiff's testimony indicates that he had traveled over this road a number of times prior to the accident (at least once every week or two) and that he was fully cognizant of the presence of the hole in the road. Plaintiff even knew the background of how the hole came into being and that it had been there for at least 6 months. In fact, plaintiff had hit the hole on a previous occasion and stated that a speed of 3 to 5 miles per hour was probably best under the conditions. As to the circumstances immediately preceding the accident, plaintiff explained that he was returning home, after purchasing a hog, and was engaged in conversation with his brother when he crested the hill in the area. Immediately he saw the large hole and applied the brakes of the pickup, but hit the hole despite his efforts, causing him to lose control of his vehicle. Plaintiff stated he was probably traveling about 35 miles per hour. His only excuse for not slowing down was that he was talking to his brother and simply momentarily forgot about the large hole in the road on which he was traveling.
*671 Plaintiff's attorney argues that under the "momentary forgetfulness" doctrine the fact that plaintiff knew of the hole in the road should not defeat his claim.
There is no doubt that such a doctrine exists in the jurisprudence of this state. See: Donovan v. Barber Bros. Contracting Co., Inc., 282 So.2d 759 (La.App. 1st Cir. 1973); Wilson v. Allstate Ins. Co., 278 So.2d 814 (La.App. 4th Cir. 1973); Dunn v. Employers' Liability Assurance Corp., 241 So.2d 291 (La.App. 1st Cir. 1970); Ousley v. Allstate Insurance Co., 234 So.2d 478 (La.App. 3rd Cir. 1970); Cunningham v. Southern Bell Telephone & Tel. Co., 215 So.2d 661 (La.App. 1st Cir. 1968); Green v. Acosta, 173 So.2d 291 (La.App. 1st Cir. 1965); Guillory v. Hartford Accident & Indemnity Co., 168 So.2d 360 (La.App. 3rd Cir. 1964); Youngblood v. Newspaper Production Co., 158 So.2d 432 (La.App.2nd Cir. 1963); Ensminger v. Great Atlantic & Pacific Tea Co., 152 So.2d 586 (La.App. 2nd Cir. 1963); Crosby v. Brown Oil Tools, 92 So.2d 115 (La.App. 1st Cir. 1957); Black v. American Mutual Liability Ins. Co., 37 So.2d 63 (La.App. 1st Cir. 1948); Gustine v. Big Chain Stores, 180 So. 852 (La.App. 2nd Cir. 1938).
This doctrine excuses one from the effect of contributory negligence where sufficient cause is shown for the lapse of memory or inattentiveness which results in the accident.
However, we are of the opinion that the concept, as recognized by the Louisiana courts, is limited in its nature and scope. Our research of the cases discussing the doctrine discloses only one case in which the rule has been directly[1] applied to exculpate the plaintiff who would otherwise be deemed contributorily negligent, thus barring his recovery. This case is Delahoussaye v. City of New Iberia, 35 So.2d 477 (La.App. 1st Cir. 1948) involving a slightly backward 11 year old child who stepped upon a sagging plank as he was running across a wooden bridge and was thrown from the bridge. The opinion cited the "momentary forgetfulness" doctrine as sometimes absolving one from contributory negligence where the danger was latent. The court then ruled that the defective plank was a latent danger, but essentially based its holding on the fact that a child of this age should not be held contributorily negligent under the circumstances.
We further opine that the doctrine would apply only where there is evidence of circumstances reasonably sufficient to have diverted plaintiff's mind from the danger in question. Mere forgetfulness or lapse of memory is not excusable absent adequate diverting circumstances. The question of adequacy and sufficiency should be determined on a case by case basis. Donovan v. Barber Brothers Contracting Co., Inc., supra; Cunningham v. Southern Bell Telephone & Tel. Co., supra; Black v. American Mutual Liability Ins. Co., supra.
The circumstances for application of the "momentary forgetfulness" doctrine are not however present in the instant case.
For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant's costs.
Affirmed.
NOTES
[1] Two cases in dicta indicated that the doctrine would have been applied if the facts therein had been different. Haindel v. Sewerage & Water Board, 115 So.2d 871 (La.App.Orl. Cir. 1959); Babin v. Sewerage & Water Board, 2 La.App. 517 (1925). Also, in McClung v. Town of Winnfield, 46 So.2d 920 (La.App. 2nd Cir. 1950) the court without referring to the doctrine, held a plaintiff not contributorily negligent in driving his automobile into a hole on a wooden bridge although he frequently drove over the bridge and knew of its presence. The distinguishing factor however (although admittedly plaintiff's thoughts at the time were devoted to business) is the fact that the trial court found an oncoming car with bright lights blinded the plaintiff, momentarily erasing the knowledge of the hole.