MILLER, Judge.
Plaintiff Ruby H. Doyle appeals the unanimous jury determination that her contributory negligence barred recovery for the trip and fall accident suffered in the grocery store operated by defendant Tip Top Foods, Inc. We affirm.
On September 25, 1970, the date of the accident, and for several weeks both before and after, the store was being renovated by defendant Brame Construction Company, Tnc. It was part of Brame’s contract that the store would continue in operation during the renovation.
Plaintiff shopped regularly at defendant’s Sulphur, Louisiana food store and was well aware that construction was continuing during store hours. She had been shopping in the store for some twenty to thirty minutes before she tripped or stumbled because of a piece of plywood size four feet by eight feet by three-eighths inch thick. The plywood was placed over a ten to twelve inch wide trench which had been opened to provide electric service and conduit to new refrigerated display cases. Strips of wood had been nailed to the underside of the plywood which fit inside the trench to prevent sliding and there was approximately eighteen inches of plywood resting on the floor on each side of the trench.
Mrs. Doyle crossed the plywood pushing an empty grocery cart shortly after entering the store. She experienced no difficulty in making the crossing. Toward the end of her shopping, when the cart had approximately $20 worth of groceries in it, she decided to cross the plywood to go to the dairy case. Since the edges of the plywood were not tapered, the front wheels of the grocery cart stopped along the leading edge of the board. She had some difficulty forcing the front wheels on the plywood board, but she rocked the front wheels and gave the grocery cart a hard shove. Next the back wheels stopped at the edge of the plywood. She again forced the grocery cart on the plywood.
Plaintiff contends that the plywood sagged with the weight of the grocery cart and her companion. This in turn allegedly caused the edge of the plywood to raise. She testified that her foot was caught under the edge of the plywood and this caused her to fall backwards to the floor.
No one saw the board sag during the ten days it was in place. Loads of up to 1200 pounds were rolled across it regularly both before and after the accident. The evidence preponderates against plaintiff’s version of the accident.
Plaintiff admitted that she knew about the plywood and was determined to roll the half filled grocery cart over it. After the fall she allegedly reported to the store employees that “ . . . she tripped over the plywood.”
Plaintiff-appellant was specifically aware of the plywood crossing. Both sets of wheels balked in crossing the surface of the plywood. She was aware of the problem resulting from the failure to taper the edges of the plywood. Plaintiff did not establish that the plywood buckled or “gave” which in turn raised the edge of the plywood to catch her foot. She specifically testified that the plywood did not slip or slide.
An invitee or business visitor is admonished to walk with his eyes open, to observe the course which he is pursuing and to actually see and take cognizance of what is readily apparent. Raines v. Travellers Insurance Company, 254 So.2d 659, 662 (La.App. 4 Cir. 1971); Dunn v. Employers’ Liability Assurance Corporation, 241 So.2d 291 (La.App. 1 Cir. 1970).
*543 Plaintiff was negotiating an obstacle clearly defined to her. We find no error in the jury determination that plaintiff’s negligence was a proximate cause of this accident. The verdict is affirmed.
Plaintiff appellant also contends that women were systematically excluded from the jury venire and seeks a new trial before a properly selected jury. The jury in this case was drawn from a list of twenty-five male jurors. It is argued that women would have more understanding of the problems confronting Mrs. Doyle as she attempted to cross this plywood board.
Plaintiff argues that LSA-R.S. 13:3055 has the effect of systematically excluding women from jury duty thus denying this plaintiff due process of law and equal protection of the laws guaranteed by the 14th Amendment to the U. S. Constitution. LSA-R.S. 13:3055 was enacted pursuant to Article 7, Section 41 of the Louisiana Constitution. It provides that:
“A woman shall not be selected for jury service unless she has previously filed with the clerk of court of the parish in which she resides a written declaration of her desire to be subject to jury service.”
The Louisiana Supreme Court and the United States Supreme Court have answered this contention adversely to plaintiff appellant’s contention. State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971); State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968); State v. Reese, 250 La. 151, 194 So.2d 729 (1967); Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961). But see dissent from refusal of rehearing in State v. Daniels, La., 263 So.2d 859 (1972).
Women are given an exemption under Lousiana law just as are senior citizens, school teachers, lawyers, members of the medical profession and other service professions. This exemption can be personally exercised by all jury veniremen at their instance. The only difference is that women must express an interest in jury service by declaring their availability to the Clerk of Court as provided.
The trial court’s judgment is affirmed at plaintiff-appellant’s costs.
Affirmed.