284 So.2d 636 (1973)
Leroy MITCHELL et ux., Plaintiffs-Appellees,
v.
AETNA CASUALTY AND SURETY COMPANY et al., Defendants-Appellants.
No. 4262.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
*638 Cook, Clark, Egan, Yancey & King by Herschel E. Richard, Jr., Shreveport, Watson, Murchison, Crews & Arthur by William P. Crews, Jr., Natchitoches, for defendants-appellants.
Gerard F. Thomas, Jr., Natchitoches, for plaintiffs-appellees.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Annie Mae Mitchell and her husband, Leroy Mitchell, instituted this suit for damages for personal injuries sustained by Mrs. Mitchell when she fell into an open water meter hole in a service station in Natchitoches, Louisiana. The defendants are J. C. LaCaze, d/b/a LaCaze's Phillips 66 Service Station, The Aetna Casualty and Surety Company (the insurer of LaCaze), and City of Natchitoches. LaCaze and Aetna filed a third party demand against City of Natchitoches, seeking contribution in the event all defendants should be held to be liable. Judgment was rendered by the trial court in favor of plaintiffs against all defendants, in solido. Defendants have appealed.
The major issues presented are whether either or both of the defendants, LaCaze and City of Natchitoches, were negligent, and if so, whether plaintiffs are barred from recovery by the contributory negligence of Mrs. Mitchell.
Defendant LaCaze owns and operates a service station in Natchitoches. At about 6:00 P.M. on October 19, 1971, Mrs. Mitchell's sister drove her automobile onto the LaCaze Service Station premises and parked it on the north side of the station, near the diesel pumps, her purpose being to pick up her common law husband who worked for LaCaze. Plaintiff, Annie Mae Mitchell, was riding as a passenger in her sister's car at that time. Shortly after they arrived at and parked on the service station driveway, Mrs. Mitchell got out of the car, on the right side, and after closing the door she took one step in the direction of the station and then stepped into an open water meter hole, causing her to fall and to sustain the injuries for which she now seeks to recover damages.
Plaintiff stated that her purpose in leaving the car was to go into the service station to use the restroom and to purchase some candy from a vending machine located in the building. She stated that she did not see the open water meter hole before she stepped into it, because the open door of the car blocked the view at first, and then after she closed the door she looked ahead, and not directly down, as she began to walk toward the front of the car to go around it and to the station. Her testimony as to these facts was corroborated by that of her sister, and it is not contradicted.
The water meter hole, into which plaintiff fell, was located on the north edge of the concrete driveway which runs along the north side of the LaCaze Service Station. The diesel pumps are located between the water meter and the principal building on the service station premises. The pumps are about 20 feet from the water meter. The meter box is round, 19 inches in diameter, and about 23 inches deep. The meter is located in the box, the top of the meter being about eight and one-half inches below the surface of the driveway. The meter box is located principally on the concrete driveway, but the north edge of the box extends two or three inches beyond the north edge of the paving. The box has a steel rim around the top of it, and it is equipped with a heavy steel top. The meter box and cover were constructed so that automobiles and trucks could run over it safely while the lid was in place. At the time the above mentioned accident occurred, the lid was off the meter *639 box and was lying upside down about one foot from the hole.
The meter box was located on the services station premises. The City of Natchitoches purchased the meter and the meter box originally, and it then sold both of those items to LaCaze, either directly or through a plumber. The city then installed the meter and box at the above mentioned location, and the city maintains and reads the meter, usually at monthly intervals. The meter box thus was owned by LaCaze and was located on his premises, although it was maintained by the city.
Francis Deloney, the meter reader for the city of Natchitoches, testified that he went to the LaCaze Service Station on October 19, 1971, to read the water meter and the electric meter. He stated that he made a reading of the electric meter on that day, but he does not recall whether he read the water meter or simply averaged it at that time. He points to a notation, "avg.," in his work book which indicates to him that he averaged the meter on that day. He testified that there are two occasions when a meter reader averages the meter instead of reading it. One is when a car is parked on top of the meter, and the other is when the meter box is full of dirt and slush making it difficult to read the meter itself. Deloney did not recall whether a parked car prevented him from reading the meter, or whether he removed the lid to look at the meter and then passed on after finding it was full of dirt and slush.
Some utility records of the City of Natchitoches contain a penciled notation, "car on meter avg.," in connection with the water meter reading of this service station on October 19, 1971. The evidence indicates, however, that this notation was put on these records several months after the above mentioned date. The trial judge rejected the city's argument that the above notation shows that the city employee had not removed the lid from the water meter box on that date.
The trial judge concluded that the city employee had removed the lid from the meter box the afternoon of October 19, 1971, before the accident occurred, but that he was unable to read the meter because the hole was filled with grime and greasy substances, and that he thereafter failed to replace the lid on the meter box. The trial judge found that the city employee was negligent in failing to replace the lid on the meter box, and that the city thus is liable to plaintiffs for the damages which they sustained as a result of the accident. We think the evidence supports that conclusion of the trial court.
The trial judge also found that LaCaze was negligent in having failed to determine that the lid of the water meter box had not been replaced and in having failed to remove the danger or to warn plaintiff of it before the accident occurred. He determined that Mrs. Mitchell was an invitee, and that LaCaze had breached the duty which was owed to her, as an invitee, in failing to discover the danger and to correct it or warn plaintiff of it.
We agree with the trial judge that Mrs. Mitchell was in invitee of LaCaze at the time the accident occurred. We are aware of the holding in Payton v. St. John, 188 So.2d 647 (La.App. 2 Cir. 1966), to the effect that a service station visitor who seeks only to use the restroom is not an invitee. In this case, however, the evidence shows that plaintiff also intended to buy some candy which was offered for sale to the public at that service station by LaCaze. She thus must be classified as a business guest or an invitee of LaCaze.
The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the *640 invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.
The occupier, on the other hand, does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it. Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App. 3 Cir. 1962); Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636 (1967); Granger v. United States Fidelity & Guaranty Company, 266 So.2d 526 (La.App. 3 Cir. 1972); LeBouef v. Cart, 241 So.2d 797 (La.App. 3 Cir. 1970).
The evidence does not show that LaCaze or any of his employees removed the lid from the water meter box. We think the evidence supports the trial judge's conclusion, however, that a sufficient period of time had elapsed between the removal of the lid of the meter box and the occurence of the accident to enable LaCaze or his employees to discover and to correct the danger before plaintiff was injured. The trial judge found that the lid had been removed during the afternoon of October 19, 1971. We find no evidence in the record tending to show exactly when the lid was removed, but we believe a conclusion is justified that the attempt on the part of the city employee to read the meter took place during usual working hours, and that the lid of the water box thus was removed at least an hour before the accident occurred at about 6:00 P.M. We agree with the trial court that LaCaze or his agents were negligent in having failed to discover the danger and in having failed to correct it within that time.
Our conclusion is that LaCaze, or his agents, were negligent in having failed to discover the danger which existed because of the uncovered water meter box, and in having failed to remove that danger before the accident occurred. The failure of that defendant to discover and remove the danger constituted a breach of the duty which LaCaze owed to plaintiff, an invitee.
Defendants contend, finally, that plaintiffs are barred from recovery by the contributory negligence of Mrs. Mitchell. The trial judge found that plaintiff was not familiar with the area when the accident occurred, that the car door partially blocked her view, and that she fell into the hole after taking only one step from the car. He concluded that she was free from contributory negligence.
The law is settled that an invitee is required to walk with his eyes open and to observe the course which he is pursuing. He is held to have seen an obstacle in his path which is readily apparent, and which by the exercise of reasonable care he should have seen. Doyle v. United States Fidelity & Guaranty Co., 266 So.2d 541 (La.App. 3 Cir. 1972); Kuhn v. Oulliber, 225 So.2d 317 (La.App. 4 Cir. 1969).
The evidence in the instant suit shows that the car in which Mrs. Mitchell was riding was parked on the service station driveway in such a position that the open water meter box was within one step of the right front door of the car. Plaintiff did not see the hole before she got out of the car, and we find no negligence on her part in having failed to observe it as the car was being driven to that point. When plaintiff got out of the car, the open door of the car blocked her view of the hole, and she thus was not negligent in failing to see the opening as she alighted from the vehicle. She then closed the door of the car and fell into the hole when she took one step from the car. We agree with the *641 trial judge that she was not negligent in failing to observe the open meter box before she took that step. Her attention was directed to closing the door of the car and determining the direction in which she was to go. She had no reason to believe that there would be a trap, in the form of an open hole, on the driveway of the service station. And since the driveway was obviously used by automobiles and trucks, we do not feel that she was unreasonable in assuming that it would be safe for her to walk on it.
We concede that Mrs. Mitchell would have been negligent if she had failed to observe a hole, such as the one involved here, as she was walking toward the service station. The circumstance which we think relieves her of negligence here is that the hole was so near the door of the parked car in which she was sitting, that it constituted a dangerous trap which she could not reasonably be expected to observe as she got out of and away from the immediate vicinity of the car.
Our conclusion, like that of the trial court, is that Mrs. Mitchell was free from contributory negligence. We find no error in the judgment of the trial court awarding damages to plaintiffs.
The trial court awarded $9,000.00 to Mrs. Mitchell as general damages. Defendants contend that the award is excessive and should be reduced.
The evidence shows that plaintiff suffered a painful cut on her left shin about four inches long. She was taken to the hospital where the wound was sutured and treated. An infection developed at the site of this cut. The wound has healed, but it has left a permanent visible scar four inches long and about one-fourth of an inch wide. Plaintiff also sustained a back injury as a result of the accident, the injury being ultimately diagnosed as an acute lumbosacral strain. The medical testimony convinces us that she has suffered from that injury for more than one year after the accident, and will continue to suffer from it for an indeterminate period of time. Her treating physician testified that she would suffer aches and pains in her back and occasional pains down her leg, for "years to come" as a result of this accident.
We have concluded that the award made in this case was within the limits of the discretion which is vested in the trial court and we thus will not disturb it.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.