SAVOY, Judge.
Plaintiff filed this workmen’s compensation suit against his employer, Evangeline Timber Company, and its insurer, Continental Insurance Company, because of a job-connected accident which occurred on May 19, 1970.
Defendant filed numerous exceptions, and after, an amendment of plaintiff’s petition, some of the exceptions were refiled and overruled. After a trial on the merits, judgment was rendered in favor of plaintiff and against defendants, awarding him total and permanent disability and payment of medical payments, including physical therapy. Defendants appealed.
On appeal, counsel for appellants contends that the trial judge committed error in
1) Awarding plaintiff compensation for total and permanent disability.
2) In awarding medical expenses for physical therapy.
Counsel for defendants does not question the occurrence of the accident. Plaintiff was injured when a tree fell on his leg, causing his injury;
Plaintiff was treated by Dr. Wayne G. Lahaye, and examined by Dr. P. M. Davis, Dr. Norman P. Morin, and Dr. Jerome W. Ambrister.
Dr. Wayne G. Lahaye: Dr. Lahaye is engaged in family practice at the Savoy Memorial Hospital at Mamou, Louisiana. He saw plaintiff on the date of the accident at the emergency or accident room of the Savoy Hospital and on separate occasions during approximately a two-year period. He examined plaintiff and determined that he had suffered an injury to the left ankle. He ordered x-rays of the leg and the films revealed a dislocation and fracture of the fibula and a dislocation of the talus. The foot was splinted, and the patient was taken to surgery and under general anesthesia, the dislocation was relieved, after which a cast was applied. After two days in the hospital, plaintiff was discharged. Plaintiff was seen by Dr. Lahaye during the ensuing weeks. In June of 1970, Dr. Lahaye referred plaintiff to Dr. Paul M. Davis, Jr. of Alexandria, Louisiana for evaluation. Dr. Davis recommended physical therapy for the plaintiff.
Dr. Lahaye testified that plaintiff was engaged in cutting and hauling trees in the pulp wood industry; that he recommended that plaintiff not work on uneven or irregular terrain for it would cause plaintiff considerable discomfort; that after Dr. Davis recommended therapy, Dr. Lahaye referred plaintiff to the therapist at the Savoy Hospital and there he received whirlpool baths and active resistive exercises under the direction of the therapist. Dr. Lahaye found that plaintiff had developed arthritis residual in the ankle. He also found plaintiff having difficulty with his left hip that was probably caused from tendonitis. He also found osteoporosis of *102 the large bones of the leg, the femur, the tibia, the fibula. The combination of these things he found caused a decrease in the range of motion of the hip. Dr. Lahaye was of the opinion that plaintiff would never regain full motion of the ankle because he had developed traumatic arthritis.
Dr. P. M. Davis: Dr. Davis is a specialist in the field of Orthopedics. He saw plaintiff on June 2, 1971. He had-x-rays made of the left leg. The films showed evidence of osteoporosis in the ankle joint. The fracture of the fibula appeared to be well healed. He was of the opinion that plaintiff was having pain. The doctor stated that plaintiff, because of his age, would require a longer period to get well because of the injury. He was 59 years of age. Dr. Davis recommended physical therapy. He stated that a physician who saw a patient on a day to day basis would probably be in a better position to evaluate the patient. On cross examination, Dr. Davis stated that with certain types of exercises, he should be able to return to his work in a month to six weeks.
Dr. Norman P. Moriri: Dr. Morin saw plaintiff on March 23, 1971 at the request of defendant insurance company. He had x-rays taken of plaintiff’s left ankle. He found a fracture of the distal third of the left fibula healed and in excellent alignment and portion. There was a minimal residual osteoporosis of the ankle. Dr. Morin was of the opinion that on the date of the examination, plaintiff had not as yet fully rehabilitated from the May 19, 1970 accident, but that he should return to some form of gainful employment which would be beneficial in stretching the post trauma scarring, thereby restoring muscle size and a full range of painless ankle motion; that full recovery could be anticipated in six to eight weeks.
Dr. Jerome Ambrister: Dr. Ambrister is a specialist in Orthopedic Surgery. He examined plaintiff at the request of the adjuster for defendant insurance company on October 12, 1971. He examined the x-ray films made of plaintiff’s ankle made at the Savoy Hospital on the date of the accident and at a later date. He also had x-ray film made by Radiologists in Lake Charles, La. Dr. Ambrister was of the opinion that plaintiff had suffered a comminuted fracture of the distal fibula which was non-displaced and had healed in anatomical position. He found a 5% permanent disability of the foot.
The lay witnesses were primarily relatives of the plaintiff with the exception of Mr. Chester West. They testified that plaintiff walked with a cane and with a limp.
In his written reasons for judgment, the trial court based his decision on the testimony of Dr. Lahaye, the treating physician who had treated plaintiff on many occasions whereas the specialists had each examined him once for evaluation. We cannot say he committed error in so doing.
In Gates v. Ashy Construction Co., 171 So.2d 742, we said:
“ ‘The appellant further complains that the trial court should have given greater weight to the testimony of the specialists indicating limited disability or none. But we find no error in the trial court’s having accepted instead the testimony of the attending general practitioner, because of the latter’s much greater opportunities for observation over his extended period of treatment of the plaintiff, as compared with those of the specialists who saw the plaintiff briefly and chiefly for the purpose of forensic examination.’ ”
This court cited with approval, Gates in Touchet v. Fidelity and Casualty Co. of New York, 264 So.2d 752.
Counsel for appellant also contends that the medical expenses for physical therapy should not be allowed. Dr. Davis *103 recommended physical therapy, and we are of the opinion that this item was proper.
For the reasons assigned, the district court judgment is affirmed at appellant’s costs.
Affirmed.