302 So.2d 394 (1974)
Mrs. Jessie LUMBARD et vir
v.
FIREMAN'S FUND INSURANCE COMPANY.
No. 9958.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
Carl Roberts, Asst. Atty. Gen., Baton Rouge, for appellants.
Arthur Cobb, Baton Rouge, for appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
de la HOUSSAYE, Judge.
This appeal arises out of a "slip-fall" suit to recover damages for personal injuries sustained by plaintiff, Mrs. Jessie Lumbard, resulting from her fall while going to a class in W. W. Stewart Hall on the Campus of Southern University. The trial court rendered judgment in favor of plaintiff, awarding her the sum of $2,750.00 for general damages, and awarding her husband, Mr. Lewis Lumbard, the sum of $342.00 for damages to the community. From this adverse judgment, defendants perfected this devolutive appeal.
On July 13, 1971, Mrs. Lumbard was going to a class in W. W. Stewart Hall at Southern University, which class was being held on the second floor. Upon reaching the second floor, she noticed that the floor was slippery but continued to traverse it anyway, as her classroom was only fifteen or twenty feet away from the staircase. After walking approximately fifteen feet, she slipped and fell landing on her back, which fall caused the injuries and this lawsuit.
Mrs. Olive Jordan, called by plaintiff, stated that as she came out of her classroom on the second floor, she noticed others falling on the floor and she had to walk down the hall by holding against the wall. She testified that Mrs. Lumbard came from her rear, slipped, and slid a few feet past her. Mrs. Barbara Banks, who *395 was also called by plaintiff, stated that when she got onto the slippery area, she nearly fell. She saw Mrs. Lumbard pass her and then fall approximately two feet away from her.
Apparently, the slippery nature of the floor was caused by an excess amount of banana oil placed on the floors by the janitors at Southern University. Mr. Ben Harbor, the Superintendent of Building and Grounds of Southern University, testified that he instructed his supervisors to place the banana oil on the mops and leave them overnight prior to mopping the floors. He testified that they were not to use the mops immediately after the oil was placed on them. Mr. Ernest Provost, Jr., the Custodian of this particular building, was working the night shift the day before the accident. He stated that he normally put the oil on the mops and let them sit overnight for use by the day crew who would dust the floors. However, he admitted giving a statement to an investigator about this accident that he placed the banana oil on the floors the evening before Mrs. Lumbard fell without allowing the oil to sit on the mops overnight.
It is well settled that the owner of property owes to invitees (it is clear that Mrs. Lumbard was an invitee) the duty of exercising reasonable care for his safety and is liable for injury resulting from the breach of that duty, if the breach is the proximate cause of the accident. This duty includes that of exercising reasonable care to keep the premises in a safe condition, or of warning invitees of hidden or concealed perils of which he knows or should have known in the exercise of reasonable care. Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636 (1967); Travis v. Winn-Dixie Louisiana, Inc., La.App., 269 So.2d 550 (1st Cir. 1972); Meek v. Travelers, La.App., 188 So.2d 677 (4th Cir. 1966); Dykes v. Champagne, La.App., 200 So.2d 921 (1st Cir. 1967).
It is also generally accepted that the invitee in a slip and fall case is under a duty to see dangers which are obvious and can be detected and avoided by the degree of care exercised by a reasonably prudent person. Kennedy v. Travelers Insurance Co., La.App., 277 So.2d 692 (2d Cir. 1973); Doyle v. Fidelity and Guaranty Co., La.App., 266 So.2d 541 (3rd Cir. 1972); Dunn v. Employers' Liability Assurance Corporation, La.App., 241 So.2d 291 (1st Cir. 1970). The determination of what is reasonable and prudent care must be determined on the facts and circumstances of each individual case.
The trial judge in this case determined that Southern University was negligent, that its negligence was the proximate cause of Mrs. Lumbard's injuries, and that Mrs. Lumbard was not contributorily negligent. It is well settled that the decisions of the triers of facts should not be disturbed, even though there may be other equally reasonable inferences to be drawn from the evidence, unless it is shown that manifest error has been committed. Canter v. Koehring Company, La., 283 So.2d 716 (1973); Reech v. Bodin, La.App., 286 So.2d 477 (1st Cir. 1973). We find that the record contains no evidence that the trial judge committed manifest error in his determination of the liability of Southern University to the Lumbards. In fact, there is ample evidence to show that agents of Southern University were negligent in applying the oil on the floor, which oil caused a severe danger to persons using these floors going to class. It is also clear that no warning was given of this hazardous condition to persons using this passageway. We are also of the opinion that it was not unreasonable for Mrs. Lumbard to traverse the slippery floor after she discovered its slippery condition for only a few feet.
Since the trial court has committed no manifest error, the judgment appealed from is affirmed. All costs of this appeal are to be born by appellant.
Judgment affirmed.