HOOD, Judge.
Plaintiff, Hiram Monroe Salter, claims damages for personal injuries sustained by him when his head was struck by an overhead door on the premises of Hanna-Abington Ford, Inc. The defendants are Hanna-Abington Ford and its insurer, Employers Liability Assurance Corporation. The trial court rendered judgment for the plaintiff, and defendants have appealed. Plaintiff answered the appeal, praying for an increase in the amount of the award.
The issues are whether plaintiff is barred from recovery by contributory negligence or assumption of the risk, and whether the award of damages is inadequate or excessive.
The accident occurred about noon on July 13, 1972, on the premises of an automobile dealership owned and operated by defendant, Hanna-Abington Ford, in Many. Plaintiff had gone to the defendant’s place of business with his daughter-in-law to have an air-conditioner installed in the latter’s pickup truck. As Salter was walking out of the shop, through an 18 foot wide exit leading from the shop to the street, the overhead door which was designed and used to close that exit was lowered by one of the defendant’s employees, and the door struck plaintiff on his head. The blow knocked Salter to a sitting position, and caused him to sustain the injuries *116 for which he now seeks to recover damages.
The overhead door which struck plaintiff was a heavy, light colored, 18 foot wide door, which rolled or slid to a point near the ceiling when the door was open. It was raised and lowered by means of a manually operated chain hoist. The hoist made a considerable amount of noise as the door was being lowered.
It was customary in this shop to partially close the 18 foot wide door at about the noon hour to enable the employees to eat their lunches without being disturbed by customers. Usually the door was lowered to a point where the bottom of the door was about four feet above the floor, and the door was allowed to remain in that partially closed position during the lunch break. The evidence shows that the employee who was lowering the door when this accident occurred had his back turned to plaintiff, and that he did not see Salter as the latter approached and attempted to walk through the door.
Salter testified that he was inside the shop about 20 feet from the door when he started to walk toward it, and that he noticed at that time that the door was wide open so that “you could have drove a school bus in there.” He stated that he had worked in automobile repair shops prior to that time, and that as he walked toward the exit of that shop he maintained a careful lookout for grease spots and loose tools on the floor, but that he alternately looked straight ahead at the exit through which he expected to leave the building. He testified that he did not observe that the door was being lowered as he approached it, that he did not see anyone operating the chain hoist, and that he did not see the door at any time before it struck him. He did not know what caused the blow until after the accident had occurred.
Plaintiff’s testimony is contradicted to some extent by Pete Abington, President of defendant, Hanna-Abington Ford, who stated that Salter was “looking down” as he walked toward the door.
We conclude, as did the trial judge, that the employee of Hanna-Abing-ton Ford who was closing the overhead door when the accident occurred was negligent in failing to determine whether plaintiff was in the doorway or was in danger while the door was being lowered, and in failing to warn plaintiff of the danger. His negligence in that respect was a proximate cause of the accident. The employee was performing the duties of his employment at that time, and the employer and its insurer thus are responsible for the negligent acts of that employee.
Defendants contend, however, that plaintiff is barred from recovery by his own contributory negligence or by having assumed the risk. They point out that the accident occurred on a bright sunny day, that there was nothing to obstruct plaintiff’s view of the door, that the hoist made a loud noise, and that plaintiff was familiar with automobile repair shops and with large doors such as the one which was involved in this accident. They argue that Salter was negligent in failing to maintain a reasonable lookout for his own safety as he approached the exit, that his negligence was a proximate cause of the accident, and that he thus is barred from recovery by contributory negligence.
Plaintiff was an invitee in defendant’s place of business. The law is settled that an invitee is required to walk with his eyes open and to observe the course which he is pursuing. He is held to have seen an obstacle in his path which is readily apparent and which by the exercise of reasonable care he should have seen. Mitchell v. Aetna Casualty and Surety Company, 284 So.2d 636 (La.App. 3 Cir. 1973).
The owner or occupier of the premises does not insure an invitee against the possibility of accident. The invitee as *117 sumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable, or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it. Granger v. United States Fidelity & Guaranty Co., 266 So.2d 526 (La.App. 3 Cir. 1972).
The trial judge found that “the dropping of a door from above at the time of day when the accident happened, when a person was emerging (from the darker interior of the shop) to the bright outdoors is not the kind of thing that is foreseeable from the plaintiff’s position,” and that “the practice of lowering such a door under these circumstances should require the very highest type of concern, care and duty to make certain that no person or vehicle is injured or damaged.” He concluded that plaintiff was free from contributory negligence.
The evidence supports the conclusion of the trial judge. Salter had no reason to suspect that the overhead door of the shop would be lowered in the middle of the working day. He was not negligent in failing to hear the chain hoist being operated, and thus in failing to notice that the door was being closed, because other activities were being conducted in the shop which also made noises, and we think it would be unreasonable to hold that plaintiff should have isolated the particular noise made by lowering the door and thus detected that the door was being closed. We think he maintained a reasonable lookout for obstacles or obstructions as he walked toward and attempted to go through the door.
We, like the trial judge, conclude that plaintiff was free from contributory negligence. We also find that he did not assume the risk that an employee would lower an overhead door without maintaining a proper lookout and without warning invitees of the danger incidental to that operation. We hold, therefore, that plaintiff is not barred from recovery either by contributory negligence or by assumption of the risk.
The trial judge awarded plaintiff $876.34 as special damages and $8,000.00 as general damages, making a total of $8,876.34. Defendants contend that the award of general damages is excessive. Plaintiff argues that the award is inadequate and should be increased.
The trial judge found that as a result of the accident plaintiff sustained a “moderately severe brain concussion, laceration of scalp on top of head, with minor permanent scarring, occipital head pains over a period of several months, compression fracture of the C-6 vertebra from which the plaintiff will not totally recover.”
Defendants concede that plaintiff sustained a laceration of the scalp. They contend, however, that he did not sustain a compression fracture of the vertebra as a result of the accident, and that any other ailments he may have, including headaches, were not caused by that accident. The evidence shows, as contended by defendants, that plaintiff had numerous other ailments before and at the time the accident occurred.
The record contains the testimony of four physicians. Two of them treated plaintiff immediately or shortly after the accident occurred, one treated him just before he was struck by the above mentioned door, and the remaining expert, a radiologist, examined x-rays of plaintiff’s back and spine taken before and after the accident. The testimony of some of these medical experts is conflicting as to whether he sustained compression fractures.
*118 The trial judge, in concluding that Salter sustained a compression fracture of the C-6 vertebra, accepted and relied on the testimony of Dr. James H. Shipp, a neurologist, who treated plaintiff from August 31, 1972, until March 26, 1974, a period of more than 18 months. Defendants contend that the trial judge erred in failing or refusing to accept instead the opinions expressed by Dr. Edna N. McLeod, a radiologist, who did not examine or treat plaintiff, but who examined and interpreted x-rays which were taken of plaintiff shortly before and after the accident occurred.
The argument made by defendants is that Dr. McLeod is a specialist in radiology, and that great weight should be given to the opinions expressed by her as to injuries shown in the x-rays. See Meche v. Maryland Casualty Co., 204 So.2d 719 (La.App. 3 Cir. 1967). Plaintiff argues that the opinions expressed by Dr. Shipp, a neurologist and the treating physician, should be given more weight than those expressed by a specialist employed for evaluation purposes. See Buxton v. Evangeline Timber Company, 286 So.2d 100 (La.App. 3 Cir. 1973).
We cannot say that the trial judge erred in accepting the opinions expressed by Dr. Shipp instead of those expressed by Dr. McLeod. We conclude, therefore, that plaintiff sustained a compression fracture of the C-6 vertebra as a result of the accident.
We have considered the amount of the award made to plaintiff as general damages, and have concluded that it is within the limits of the “much discretion” which is vested in the trial court. We thus will not disturb that award.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.