GULOTTA, Judge.
Plaintiff brings this action for damages sustained when she slipped and fell, in the course of her employment for the City of New Orleans, on a tile floor which had been mopped by defendant maintenance company. The City intervenes seeking reimbursement for workmen’s compensation and medical benefits paid on plaintiff’s behalf.
Following an initial trial of . the matter, the court rendered judgment dismissing plaintiff’s suit for the reason that plaintiff was contributorily negligent in failing to observe a “clean-up” man who was still mopping when the accident occurred. Under the circumstances, the trial judge concluded that plaintiff had failed to see that which she should have seen and had continued to walk without exercising proper caution. Following the granting of a new trial, however, the court rendered judgment in favor of plaintiff and against the maintenance company in the sum of $50,000.00 and rendered further judgment in favor of the City of New Orleans and against plaintiff for all compensation benefits received by her.
In reasons for judgment after hearing evidence on the new trial, the trial judge concluded that the clean-up man employed by defendant had finished mopping the floor with soap prior to the accident and plaintiff could not have seen him mopping; that plaintiff had slipped on the soapy floor; that the clean-up man had been instructed not to use soap; that plaintiff had traversed the floor on prior occasions while the clean-up man was mopping; and that no warning signs or markers had been displayed although the clean-up man had asked for warning signs. Based on these findings, among others, the trial judge concluded plaintiff was not guilty of contributory negligence.
In this appeal, defendant claims the trial judge erred in his factual finding that soap had been used in mopping the floor. Defendant further contends that plaintiff was contributorily negligent in failing to see the *339 clean-up man and in failing to use proper caution when she traversed a wet, slippery floor. Seeking an increase in quantum, plaintiff also has appealed. We affirm.
DEFENDANT’S NEGLIGENCE
The clean-up man testified that at the time of the accident he had finished mopping the floor and was waiting for it to dry. He stated the floor was slippery and he had hesitated to'walk on it himself because of fear he might have fallen. Plaintiff was the first person to walk across the floor after it had been mopped. There were no printed warning signs or markers to indicate to plaintiff or to anyone else that the floor had just been mopped and was slippery. Indeed, the clean-up man testified that he had requested warning signs from his employer in the past but that they had never been furnished to him.
Plaintiff testified that following the accident she had seen a greasy substance on her shoes which looked like soap. Though the clean-up man could not recall if he had used soap in mopping the floor at the time of the accident, he testified that he sometimes mops with water and other times with soap. Plaintiff’s supervisor testified, however, that she had instructed the maintenance man not to use soap. Immediately following the accident, in response to her question, the clean-up man stated (to the supervisor) that he had used soap and had forgotten her previous instructions. Furthermore, a security guard slipped while walking toward plaintiff to assist her following the fall. The evidence considered, we cannot say that the trial judge’s finding of negligence on defendant’s part is erroneous.
CONTRIBUTORY NEGLIGENCE
At the time that the accident occurred, the clean-up man had finished mopping. No warning signs had been posted and plaintiff had traversed the wet floor on prior occasions without incident. A cashier-coworker testified that from where she was standing on the day of the accident, before plaintiff slipped, she could not “see” that the floor was wet and slippery. Under these circumstances, we cannot say plaintiff should have been placed on guard of the slippery condition of the floor. We conclude, as did the trial judge, that plaintiff was not guilty of contributory negligence. See Farris v. Baker, 240 So.2d 410 (La.App. 2d Cir. 1970); Owens v. New Orleans Building Maintenance, Inc., 349 So.2d 494 (La. App. 4th Cir. 1977).
QUANTUM
Plaintiff, who was 62 years old at the time of the accident and who had pre-exist-ing osteoporosis and arthritis, sustained a contusion of the left shoulder and a sprain of the dorsal and lumbar spine. Following the accident, she was confined to the hospital for a two-week period and thereafter was admitted to a physical therapy center for an additional two weeks.
Dr. George Gernon Brown, Jr., an orthopedist and plaintiff’s treating physician, testified that plaintiff has suffered a 30-35% disability of her shoulder and a 15-25% disability of her back, which, taken together, constitute a total permanent body disability of 15%. Though he stated plaintiff has difficulty in standing for prolonged periods of time and, therefore, cannot return to cashier work which she had performed prior to the accident, he felt that she could do clerical work. The doctor estimated that future medical treatment will cost between $200.00-400.00 per year (without consideration of inflation). He acknowledged, however, that plaintiff probably would have encountered some future back problems even if the accident had not occurred. He does not expect any dramatic improvement in plaintiff’s condition which includes a restriction in the range of motion of her shoulder.
Accepting plaintiff’s figures for loss of wages at 15,123.00,[1] plus anticipated future *340 medical expenses in the.sum of $5,880.00[2] and $83.00 drug expense, we compute plaintiff’s special damage loss at $11,086.00.[3] When this amount ($11,086.00) is deducted from the total $50,000.00 award, we compute an award for pain and suffering and loss of future earnings[4] in the sum of $38,-914.00.[5] This amount must be reduced by the amount ordered reimbursed to the City for all compensation claims paid by it to plaintiff.[6]
Complaining of the inadequacy of the $50,000.00 award, plaintiff interestingly contends that the amount of the award is less than the total amount that she would be entitled to receive under workmen’s compensation. According to plaintiff, she is totally and permanently disabled under the meaning of the workmen's compensation act and, as such, would have been entitled to receive $65.00 per week for 500 weeks, i.e., a total of $32,500.00, and further entitled to receive up to $25,000.00 for all related medical expenses. She argues, therefore, that she would be entitled to receive $57,500.00 under the workmen’s compensation act. Plaintiff then claims that the theory of recovery under workmen’s compensation does not contemplate or include recovery for pain and suffering. When a reasonable amount is included for these damages (pain and suffering), plaintiff argues, a $50,000.00 total award is woefully inadequate. We are not in agreement with this argument.
Compensatory payments provided for under the workmen’s compensation act cannot be equated to damages resulting from a tort. The legislative intent in the workmen’s compensation law, a form of social legislation, differs from the purposes of reimbursement for damages. An award in tort is not suspect merely because it does not exceed appreciably benefits that might be awarded under workmen’s compensation, as plaintiff contends.
In the instant case, we do not consider the evidence so strong as to compel an award in a workmen’s compensation case based on total and permanent disability. Furthermore, the amount of future medical costs is speculative. The validity of plaintiff’s argument, to some extent, presupposes that the entire $25,000.00 in medical expenses will be exhausted. The evidence does not support this assumption. We conclude, therefore, that benefits plaintiff might have received under the workmen’s compensation act cannot be the basis, in the instant case,[7] for a claim that the tort award is inadequate.
The circumstances considered, we cannot say the $50,000.00 award constitutes an abuse of the trial court’s discretion. See Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Robinson v. Graves, 343 So.2d 147 (La.1977).
The judgment is affirmed.

AFFIRMED.

. Though we accept this figure for purposes of argument, it should be reduced by the amount received by plaintiff in compensation payments. The chief of the payroll department of the City testified on September 22, 1975, that plaintiff has received $65.00 per week from *340 October 26, 1974 to August 23, 1975. The petition of intervention of the City alleges $3,315.00 in compensation. Accordingly, we consider $1,808.00, i.e., $5,123.00 minus $3,315.00, to be a more accurate figure for plaintiffs loss of wages.

. According to plaintiff, based on a 19.6-year anticipated life expectancy at $300.00 per year medical expenses without an inflation factor.

. The trial judge awarded $50,000.00 as a lump sum without delineating which portions of it were attributable to special damages and which portions were attributable to general damages.

. A 62-year-old woman with yearly earnings in the sum of $5,232.00. Plaintiff computes loss of future earnings at $26,393.00 based on an employment expectancy of 6.7 years at $5,200.00 per year.

. If plaintiff’s loss of wages is taken as $1,808.00 (see footnote 1., supra), the award for pain and suffering and loss of future earnings would total $42,229.00.

. The petition of intervention of the City alleges $2,426.06 in medical expenses and, as pointed out earlier, $3,315.00 in compensation payments.

. This is not to say that conceivably, in some cases, with supportive proof, this argument might not have merit.