GULOTTA, Judge.
Plaintiffs appeal from the dismissal of their damage suit for injuries sustained by Mrs. Helen Riemer when she was struck on the head by a closing, descending door of a freight elevator in the Marriott Hotel.[1]
On the morning of April 10, 1975, Mrs. Riemer, along with several other ladies, was bringing flower table decorations to the hotel to be used in connection with a noonday luncheon to take place on the same day. According to plaintiff, as she arrived by automobile in the front driveway area of the hotel, she was directed to use the freight elevator located in the rear of the building. Her testimony was disputed by a hotel security officer who stated that because of the impatience of Mrs. Riemer and the other ladies, they insisted on using the elevator despite his instructions to them not to do so. According to this employee, the ladies had been told that they would have to wait for “a caterer’s manager” to use the elevator.
This elevator was described as having an inside mesh steel door which closed from top to bottom and two outer steel synchronized doors (one closing from the top and one closing from the bottom) which close at the middle. Approximately 10 or 12 seconds before the inner mesh door begins *739 to close, a bell rings and continues to ring during the descent of this door. The outer doors do not commence to close until the inner door has reached the elevator floor. After the doors have opened they remain in that position for approximately 60 seconds and thereafter automatically close unless held open by an “open” button.
As Mrs. Riemer was approaching the elevator with the decorations in each hand, the closing inner mesh door struck her head causing her to “trip” resulting in her fall outside the elevator.
The trial judge, in written reasons, stated:
“REASONS FOR JUDGMENT
It is the opinion of the Court that the Plaintiffs did not meet the burden of proof imposed on them by law.
The ladies were vague and indefinite as to the details pertaining to the incident.
However the Court does have a clue as to how the accident occurred. Mrs. Mary Petrocco testified as follows:
Question: How far was Mrs. Riemer from the elevator when the gate first started closing?
Answer: About ten feet. Six to ten feet maybe. No. No. When she started running probably about three feet. Three to five feet.
Question: When the gates were closing?
Answer: Witness nodded head indicating affirmative reply.
Question: And she was running at this time?
Answer: She was walking to get into the elevator.
Under the circumstances the Court is of the opinion that Mrs. Riemer was guilty of contributory negligence.”
Plaintiffs contend that the “fast closing door” of the elevator[2] created a known, hidden danger and constituted an “unreasonable, foreseeable” hazard to persons lawfully on the premises. Relying on Mitchell v. Aetna Casualty & Surety Company, 284 So.2d 636 (La.App. 3rd Cir., 1973); Brown v. Southern Ventures Corporation, 331 So.2d 207 (La.App. 3rd Cir., 1976), writ denied, 334 So.2d 211 (La.1976); and Bolin v. National Tea Co., 359 So.2d 690 (La.App. 1st Cir., 1978), writ denied, 362 So.2d 577 (La.1978), plaintiffs contend that the Marriott Hotel violated its duty to warn invitees of the hidden and concealed peril and thereby failed to exercise reasonable and ordinary care.
Although judgment is sought by plaintiffs against the defendant elevator company that installed and maintained the freight elevator, the record does not contain any evidence of faulty installation, a defective condition or failure of maintenance. The trial judge dismissed the suit against Houghton Elevator and the third party demand of Houghton against Marriott for indemnification and/or contribution. The record clearly supports the conclusion that no liability exists on the part of the elevator company.
On the question of the Marriott’s liability, because we conclude the record supports the trial court’s factual finding of contributory negligence, we find no necessity of considering the negligence of the Marriott Hotel. Although it appears that several persons, including plaintiff, were in a position to observe and describe the circumstances surrounding the incident, incredibly, only the testimony of Mrs. Mary Petrocco (quoted in part hereinabove by the trial judge) shed any light on what occurred. This testimony is persuasive, as indicated by the trial judge, that Mrs. Riemer carelessly tried to “beat” the closing elevator doors.
Contributory negligence has been defined as that conduct on the part of a plaintiff, which falls below the reasonable standard required for one’s protection.[3] Plaintiff’s *740 reliance on McNulty v. D. & G. Maintenance Corp., 352 So.2d 337 (La.App. 4th Cir., 1977) to exonerate Mrs. Riemer from contributory negligence is without merit. The McNulty case is clearly factually distinguishable from the instant case. In the slip and fall McNulty case, we stated that plaintiff was not aware of the slippery floor and no warning signs had been posted to make the plaintiff aware. However, in the instant case, Mrs. Riemer was aware of the impending danger from the closing elevator door, nevertheless, tried to “beat” the closing door. Under the circumstances, we conclude that Mrs. Riemer’s actions were below the standard of a reasonable person and was the cause in fact of her injury. Accordingly, we find no error in the trial court’s determination that plaintiff was contributorily negligent.
The judgment is affirmed.

AFFIRMED.

. The suit was directed against Marriott Corporation and its insurer, as well as Houghton Elevator Company which had installed, maintained and inspected the elevator.

. Printed on the outer steel doors (which could be seen only when the doors were closed) were the words “For Freight Only” and “Danger, Fast Closing Door.”

. Straley v. Calongne Drayage and Storage, Inc., 346 So.2d 171 (La.1977); Smolinski v. Taulli, 276 So.2d 286 (La. 1973); Hall v. Hartford Accident and Indemnity Co., 278 So.2d 795 (La.App. 4th Cir., 1973), writ denied, 281 So.2d 753 (La.1973).